Dale MATHIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20283.

United States Court of Appeals Ninth Circuit.

Dec. 29, 1965.

Babcock & Sutton, Raymond E. Sutton, Las Vegas, Nev., for appellant.

John W. Bonner, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before POPE, JERTBERG and BROWNING, Circuit Judges.

JERTBERG, Circuit Judge:

Following trial to a jury, appellant was convicted on both counts of a two count indictment, each charging a violation of 21 U.S.C. § 176a. Count I charged that on or about the 10th day of July, 1964, appellant knowingly and with intent to defraud the United States, received, concealed and facilitated the transportation and concealment of approximately 2.250 grams of marijuana, after the marijuana had been imported and brought into the United States contrary to law, knowing that the marijuana had been imported contrary to law.

Count II in language similar to that contained in Count I charged that on or about the 17th day of September, 1964, appellant received, concealed and facilitated the transportation and concealment of a marijuana cigarette.

Appellant was sentenced to the custody of the Attorney General for a period of seven years on each count of the indictment, the sentences to run concurrently.

21 U.S.C. § 176a provides that the punishment for violation of said section shall be imprisonment for not less than five or more than twenty years, and in addition the offender may be fined not more than $20,000.00. If we find appellant's conviction on Count II is free from prejudicial error, we need not consider his attack on his conviction under Count I, as the sentence imposed by the district judge on both counts of the indictment does not exceed the maximum authorized as punishment for the offense charged in Count II of the indictment. Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929); United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1964); United States v.

Romano, decided Nov. 22, 1965, 86 S.Ct. 279; Pugliano v. United States, 348 F.2d 902 (1st Cir. 1965); Head v. United States, 346 F.2d 194, 196 (9th Cir. 1965).

■ The evidence offered and received on behalf of the Government, as it relates to Count II, discloses that the marijuana cigarette was found on the person of the appellant after his arrest and during the booking process at the jail when a search of his clothing revealed the presence of the cigarette. At the trial a government chemist testified that his examination of the cigarette revealed that it consisted of marijuana. When the cigarette was offered in evidence, appellant objected to its admission in evidence on the ground there was no competent evidence before the Grand Jury of the cigarette's marijuana content. The district court properly overruled such objection.

■ Prior to the trial appellant moved to suppress the cigarette as well as the marijuana which is the subject of Count I of the indictment, on the ground that both items of marijuana were illegally seized. The district court properly denied such motion as such motion related to the marijuana cigarette, since appellant does not question the validity of his arrest nor the validity of the search which revealed appellant's possession of it.

The record further reveals that the possession by appellant of the marijuana cigarette on September 17, 1964, is separate and unrelated to the offense charged in Count I as having occurred on July 10, 1964.

■ All other errors specified by appellant relate solely to his conviction on the charge set forth in Count I, and we are satisfied from our examination of the record that none of the alleged errors specified to appellant's conviction on Count I in any way infected appellant's trial and conviction under Count II.

The judgment of conviction is affirmed.