**Edgar M. ELLIS, Appellant,**

v.

**C. J. FITZHARRIS, Department of Corrections, Appellee.**

**No. 21332.**

United States Court of Appeals
Ninth Circuit.

April 19, 1967.

Rehearing Denied May 23, 1967.

Eugene Epstein, Cominos, Shostak & Epstein, Salinas, Cal., for appellant.

Thomas C. Lynch, Atty. Gen. of Cal., Robert R. Granucci, James A. Aiello, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before JERTBERG and BROWNING, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM:

The district court denied appellant's petition for habeas corpus without a hearing. The court concluded on the basis of the record of a state court hearing that appellant's confession was not the product of coercion. In examining the state court record, the district court followed the procedures suggested by Justice Frankfurter in his opinion, concurred in by Justice Stewart, in Culombe v. Connecticut, 367 U.S. 568, 603–605, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961). The procedures announced in that opinion were modified, and in some respects explicitly repudiated, by the decision in Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770 (1963). The

judgment must therefore be reversed and the cause remanded to the district court for reconsideration in accordance with procedures detailed in Townsend at pages 313–317 of 372 U.S., 83 S.Ct. 745, (and in 28 U.S.C. § 2254 as amended November 2, 1966, by Public Law 89–711, § 2, 80 Stat. 1105), beginning with a determination of whether the state court impliedly found the material facts from the conflicting evidence, and, if so, whether a reconstruction of those findings is possible. We also call the trial court's attention to the fact that at page 320 of 372 U.S., 83 S.C. 745, the Supreme Court expressly rejected Justice Frankfurter's statement in Culombe, 367 U.S. at 630, 81 S.Ct. 1860 (relied upon by the trial court in this case), that the district court's inquiry is to be limited to a study of the undisputed portions of the state court record.

Reversed and remanded.