**Eddie JAVOR, Alan H. Rice and Lawrence S. Toroker, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 21172A, 21172B.**

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1968.

Richard G. Sherman, (argued) of Sherman & Sturman, Beverly Hills, Cal., for appellants.

Jo Ann I. Dunne (argued) Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and *FOLEY, District Judge.

PER CURIAM:

Appellants went to trial before a jury on November 9, 1965, on a thirteen-count indictment. All counts except Count Eight charged violations of Title 21, section 174 of the United States Code. Count Eight alleged a violation of Title 21, section 176a of the United States Code.

Appellant Javor was charged on Counts Ten and Eleven only. He was convicted on both counts. Javor was sentenced to serve seven years on Count Ten and seven years on Count Eleven, the sentences to run concurrently.

Appellant Rice was charged in all thirteen counts. However, before the jury was impaneled, Counts Six and Seven, which named only Rice, were dismissed. Rice was found guilty as charged in the remaining eleven counts.

Appellant Toroker was charged in Counts One, Two, Five, Eight, Nine, Ten, Eleven, Twelve, and Thirteen and convicted on all of the said counts.

Both Rice and Toroker were committed for study pursuant to Title 18, section 4208(b) and (c) of the United States Code. After study, each of them was sentenced to serve five years for each count of which they were convicted, all sentences to run concurrently.

We have carefully considered appellants' several assignments of error. Just three contentions of appellants merit discussion.

## QUESTION I

Appellants Rice and Toroker contend that the trial court committed prejudicial error in the manner in which it instructed the jury on entrapment. The government concedes that the trial court committed error.

However, we note that Toroker denied the commission of the offenses charged against him in Counts One, Two, Five, Twelve, and Thirteen. Rice denied the commission of the offenses charged against him in Counts One, Two, Three, Four, Twelve, and Thirteen. Toroker interposed the defense of entrapment and was entitled to an instruction on entrapment as to Counts Eight, Nine, Ten, and Eleven. Rice interposed the defense of entrapment and was entitled to an instruction on entrapment as to Counts Five, Eight, Nine, Ten, and Eleven.

Toroker was not entitled to an entrapment instruction as to Counts One, Two, Five, Twelve, and Thirteen. Rice was not entitled to an entrapment instruction as to Counts One, Two, Three, Four, Twelve, and Thirteen. Ortiz v. United States, 358 F.2d 107 (9th Cir. 1966); Ortega v. United States, 348 F.2d 874 (9th Cir. 1965).

Since Rice and Toroker were sentenced to serve five years on each of the several counts of which they were convicted, all sentences to run concurrently, the error in the entrapment instruction does not affect a number of counts of which they were convicted and therefore will not be considered on appeal. Chavez v. United States, 387 F.2d 937 (9th Cir. 1967); Jack v. United States, 387 F.2d 471 (9th Cir. 1967); Ayala v. United States, 371 F.2d 515 (9th Cir. 1967); Mathis v. United States, 354 F. 2d 653 (9th Cir. 1965); Stein v. United States, 263 F.2d 579 (9th Cir. 1959).

## QUESTION II

Appellants Rice and Toroker urge that they were denied due process of law in

---

* Honorable ROGER D. FOLEY, District of Nevada, sitting by designation.

that they did not have a proper determination outside of the presence of the jury that their confessions were voluntary.

■■ Under Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), a defendant who objects to the admission of his confession is entitled to have the issue of voluntariness determined by a tribunal other than the convicting jury (378 U.S. at 391, 84 S.Ct. 1774, note 19); in this case, by the trial judge. The trial judge's resolution of the issue is "preliminary" in the sense that it precedes the submission of the same issue to the jury, but it is in no sense a partial, limited or tentative determination. On the contrary, it is the primary determination of the issue of voluntariness; it is the determination required by the Constitution. It is the only determination of the issue in jurisdictions following the "orthodox" rule. 378 U.S. at 378, 84 S.Ct. 1774. The trial judge's determination must therefore involve a full resolution of the constitutional issue "including the resolution of disputed facts upon which the voluntariness issue may depend." 378 U.S. at 391, 84 S.Ct. at 1788.

■ The trial court's obligation is not satisfied by a determination that the government has made out a prima facie case that the confession was voluntary, leaving it to the jury to determine on conflicting evidence whether the confession was freely and voluntarily made; it is "for the trial judge to first decide these conflicts and discrepancies." See also Jackson v. Denno, 378 U.S. at 377–378, 84 S.Ct. 1774; Burns v. Beto, 371 F.2d 598, 603–604 (5th Cir. 1966). Cf. Mullins v. United States, 382 F.2d 258, 261–262 (4th Cir. 1967); Fisher v. United States, 382 F.2d 31, 34 (5th Cir. 1967); Kear v. United States, 369 F.2d 78, 84 (9th Cir. 1966); Butterwood v. United States, 365 F.2d 380 (10th Cir. 1966); United States v. Inman, 352 F.2d 954, 956 (4th Cir. 1965).[1]

■■ And it is also settled that although express findings are not required, the fact that the trial court has made such a full and independent determination of the voluntariness of the confession must be ascertainable from the record as a whole. Jackson v. Denno, supra.[2]

Appellants Rice and Toroker objected to the introduction of their confessions on the ground that they were not freely and voluntarily made, principally because they were given while appellants were under the influence of the drug LSD.[3] The trial judge excused the jury and heard the testimony of the government agent who had taken the confessions.

1. Language in pre-Jackson v. Denno opinions (see, e. g., Dyson v. United States, 283 F.2d 636, 639–640 (1960); Leonard v. United States, 278 F.2d 418, 421 (1960); Smith v. United States, 268 F. 2d 416, 420 (1959), which might be read as permitting the trial court to submit a confession to the jury without first independently determining the issue of voluntariness on a full evaluation of the evidence, including a resolution of conflicts and questions of credibility, must be treated as superseded by that decision.

2. After the instant case was tried, the Supreme Court, in Sims v. Georgia, 385 U.S. 538, at page 543, 87 S.Ct. 639, at page 643, 17 L.Ed.2d 593 (1967), applied the rule of Jackson v. Denno, saying:
A constitutional rule was laid down in that case [Jackson v. Denno] that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given. * * * *Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity.* (Emphasis added.)
The requirements of Jackson v. Denno are applicable to federal courts under the due process clause of the Fifth Amendment. United States v. Feinberg, 383 F. 2d 60, 69 (2d Cir. 1967). Cf. Kear v. United States, 369 F.2d 78, 84 (9th Cir. 1966).

3. Rice and Toroker also testified that the confessions were rendered involuntary by incommunicado in-custody interrogation, threats of imprisonment for "a long time," possibly "180 years," if they did not cooperate, and various promises of lenient treatment if they confessed.

The agent testified that both appellants denied they were under the influence of LSD, and that they appeared to be normal and rational. Pursuant to stipulation, the court considered as appellants' presentation in support of their claim the contents of the reports of two physicians who had examined appellants. These reports are not in the record, but it appears that they recited a history of heavy and prolonged use of LSD by appellants and statements of opinion by the physicians, based on this history, that appellants were incapable of rational judgment at the time the confessions were taken.

The trial judge overruled appellants' objection to the admission of the confessions. Appellants contend that the court did not make the determination required by Jackson v. Denno.

█ In our opinion, appellants' contention must be sustained on the record as a whole. It is true that the trial judge indicated on several occasions that the issue before him was the voluntariness of the confessions. But other statements by the judge suggest that he regarded his function to be only that of determining whether the government had made out a prima facie case, leaving it to the jury to resolve the conflicts between the government's evidence and that offered by the appellants. All that the judge said on the subject is set out below, with certain portions emphasized.

The court first stated its view in these words:

The Court has to be convinced first of all that it is a voluntary confession *or that the evidence is such that the jury may reasonably consider it as a voluntary confession. Then it becomes a question for the jury to determine whether it is actually voluntary.* (Emphasis added.)

On the other hand, in opening the hearing, the court said:

The record will show that we are proceeding now in the absence of the jury for purposes of determining whether or not the confessions of

Mr. Rice and Mr. Toroker are admissible as voluntary.

You may proceed.

And later, referring to the doctors' reports, the court said:

The Court may, upon reading these reports, make its decision as to the admissibility basically, in the first instance, of the voluntariness of this confession.

But shortly thereafter the court returned to its earlier theme:

I have not read the doctors' reports but it occurs to me in view of the testimony that it is going to become a factual question the extent to which the defendants have been using and were using LSD at the time. If they were not using it and were not under the influence then there will be no question but what this is admissible or that it is valid.

If the jury believes the evidence, which will be conflicting, that the defendants were under the influences from whatever the evidence then the admission or the confession will be deemed not voluntary and will be disregarded. Our question at this point is, is this a Court question or a jury question. I am of the opinion, without having read all this, that it is a jury question and not a Court question.

There is evidence that the jury may well find that the defendants were normal and acting normal and were not acting under the influence of any drugs or any stimulant.

The defendants will dispute it. Perhaps the jury ultimately will decide that the defendants are right.

We are talking about the admissibility at this point. It seems to me we have a fairly simple question and that is the evidence as it has been adduced so far I think is such that the confessions must be admitted with the proper instruction to the jury at the appropriate time as to what the effect of it is and how they are to handle it.

And in announcing its decision, the court said:

THE COURT: There is pending before me a decision as to whether or not the confession should be admitted. The testimony has been completed, has it not?

MRS. DUNNE [Prosecutor]: On the issue of voluntariness.

THE COURT: On the issue of voluntary confession. We have this conflict on it. On the one hand the officers have testified at the time of the arrest and the time these statements were made they appeared to be the same as they are in the courtroom, with embellishments.

The psychiatrists' reports indicate that from information given to them, although they are sane now, or were sane at the time of the examination, the doctors indicate they were insane at the time of the arrest and probably at the time of the commission of the offense.

This is a conflict in the evidence which I think must go to the jury. And it is going to have to be done. We will have to leave this discussion to a proper framing of the proper instruction at the appropriate time. I don't see any other answer to it.

So the objection to the admission of the confession will be overruled.

\* \* \* \* \* \*

THE COURT: There is another thing I might do at this time, and that is to instruct the jury there has been an objection to the admission of these confessions. These confessions, if they are voluntarily, knowingly, and intelligently made are admissible. If they are not knowingly and intelligently made, they are not admissible.

This has become a question which I feel the jury must ultimately decide, and I am admitting them with the thought that there is evidence which

must go to the jury. It is up to them to make the decision ultimately in accordance with the instructions which I will later give them as to whether or not these confessions are intelligently and knowingly made.

Finally, after instructing the jury that it must determine whether the confessions were voluntary, the court said:

By overruling the objections which I just overruled I have made no ultimate decision. All I have decided is that there is sufficient evidence both ways to justify it being brought before the jury for determination.

It cannot be said that it is ascertainable from the record as a whole that the trial court discharged its duty to resolve the evidentiary conflicts as to whether the confessions were given under the influence of LSD, and appellants therefore were not accorded the rights announced in Jackson v. Denno.[4]

The case must, therefore, be remanded to permit the trial court to make an independent determination of the facts and the voluntariness of the confessions either upon the record as it now stands or upon the present record supplemented by additional evidence should the court deem it appropriate to receive such additional evidence.

## QUESTION III

The written confessions of both Rice and Toroker identified Javor as the source of the contraband. The trial judge proposed that counsel stipulate before the jury that Rice and Toroker had, at a prior time, admitted committing all of the offenses set forth in the counts of the indictment, under which each was charged. Counsel so stipulated, and no reference was made to the source of the narcotics in the government's case-in-chief.

During the presentation of the defense, Rice and Toroker testified under examination by defense counsel that one

---

4. Compare Gladden v. Unsworth, 396 F.2d 373 (9th Cir. 1968), wherein the trial court, in admitting a confession, stated:

"The Court feels that this is a jury question." We remanded for compliance with Jackson v. Denno.

"Nick" and not Javor was the source of the contraband and, further, that Javor was present on critical dates at the residence of Rice and Toroker for legitimate business purposes only.

On cross-examination the government was permitted, over objection, to confront both Rice and Toroker with certain portions of their written confessions, wherein each had named Javor as the supplier of the narcotics, and had stated that Javor's presence at their residence on the critical dates was in connection with this activity. Both Rice and Toroker eventually admitted that they had made these statements in their written confessions. The court carefully and fully instructed the jury that such evidence was received solely for impeachment and only against Rice and Toroker, and that it was not to be considered against Javor for any purpose.

In the opinion originally filed in this appeal, we held that on this record Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), applied retroactively under Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968) (both decided after the appeal in the present case had been submitted), required reversal as to Javor. The government filed a petition for rehearing, urging that we had misread *Bruton*. Whether our original ruling was right or wrong, we are satisfied that it was premature.

If, after determining the facts, the trial court decides that the confessions were involuntary, all three appellants will be entitled to a new trial. Javor was not prejudiced when the admissions of Rice and Toroker were submitted to the jury in the government's case-in-chief because the trial court took steps which effectively precluded any reference to Javor. However, if the confessions were inadmissible, their use to impeach Rice and Toroker was also improper (Groshart v. United States, 392 F.2d 172, (9th Cir. 1968)), and this improper use unquestionably prejudiced Javor.

To decide now whether, assuming the confessions were admissible in evidence, their use for impeachment would be proper or improper in the circumstances of this case, would require the resolution of substantial constitutional issues which it may become unnecessary to decide.

The case is remanded for further proceedings. If the confessions are found to be involuntary, all three appellants shall be given a new trial. Should the confessions be found voluntary, appellant Javor's appeal may be resubmitted on a supplemental record, briefs, and oral argument.