Edgar M. ELLIS, Appellant,

v.

C. J. FITZHARRIS, Department of Corrections of the State of California, Appellee.

Nos. 22430, 22430–A.

United States Court of Appeals Ninth Circuit.

Jan. 22, 1969.

Rehearing and Rehearing In Banc Denied April 9, 1969.

Eugene Epstein (argued), of Cominos & Shostak, Salinas, Cal., for appellant.

James A. Aiello (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge:

In this habeas corpus proceeding Edgar M. Ellis, a California state prisoner, contends that the admission of his confession and incriminating statements (hereinafter confession) at his state jury trial deprived him of due process of law. Ellis is serving a life sentence following his 1946 conviction of murder in the first degree. The district court denied the application without hearing after examining the state court record. We reversed on a procedural ground and remanded for further proceedings. Ellis v. Fitzharris, 9 Cir., 377 F.2d 543.[1] The district court again denied the application after reëxamining the state trial record. This appeal followed.

Ellis here renews the argument he made in the district court that the state trial judge, over Ellis' objection, admitted his assertedly involuntary confession into evidence without first making an independent determination as to its voluntariness. The parties are agreed that if this is what happened at the state trial there was a failure to comply with the rule announced in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.[2]

The district court rejected Ellis' Jackson v. Denno argument on two grounds.

The first of these is that since the evidence bearing upon voluntariness of the confession was received during the course of the state trial and since, after hearing such evidence, the trial judge admitted the confession in evidence, it may be assumed that the trial judge independently determined that it was voluntary. In support of the view that it is permissible to make such an assumption under the stated circumstances, the district court relied upon the language in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, quoted in the margin.[3]

However, Townsend v. Sain was decided prior to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, and Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593. In Jackson, the Supreme Court for the first time addressed itself to the importance, in a jury trial, of the trial judge making an independent determination of voluntariness. And in Sims the Supreme Court, in discussing the Jackson v. Denno doctrine held, at page 544, 87 S.Ct. at page 643, that although the judge need not make formal findings of fact or write an opinion, " * * * his conclusion that the confession is voluntary must appear from the record with unmistakable clarity." [4]

The rationale for the requirement that the trial record show affirmatively

---

1. In examining the state court record, the district court considered only the uncontested portion of the testimony. We held that, under Townsend v. Sain, 372 U.S. 293, 313–317, 83 S.Ct. 745, 9 L.Ed.2d 770, the entire record should have been considered. This procedural defect related only to the district court's determination that the asserted conclusion of the state court that Ellis' confession was voluntary was supported by the state record.

2. The holding in Jackson v. Denno is a constitutional rule binding upon the states. Sims v. Georgia, 385 U.S. 538, 544, 87 S.Ct. 639. It is also to be applied retroactively. Stovall v. Denno, 388 U.S. 293, 298, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Johnson v. New Jersey, 384 U.S. 719, 727–729, 86 S.Ct. 1772, 16 L.Ed.2d 882; Gladden v. Unsworth, 9 Cir., 396 F.2d 373, 376.

3. In *Townsend*, the Court said, among other things:
"On the other hand, if the prior state hearing occurred in the course of the original trial—for example, on a motion to suppress allegedly unlawful evidence, as in the instant case—it will usually be proper to assume that the claim was rejected on the merits." 372 U.S. at 314, 83 S.Ct. at 758.
"Thus, if third-degree methods of obtaining a confession are alleged and the state court refused to exclude the confession from evidence, the district judge may assume that the state trier found the facts against the petitioner, the law being, of course, that third-degree methods necessarily produce a coerced confession." 372 U.S. at 315, 83 S.Ct. at 758.

4. See also, Boles v. Stevenson, 379 U.S. 43, 45, 85 S.Ct. 174, 13 L.Ed.2d 109; Javor et al. v. United States, 9 Cir.,

that the trial judge made an independent determination of voluntariness is self-evident. Without a clear showing of this kind in the trial record, it cannot be ascertained whether the trial judge was following the "New York" procedure, rejected in Jackson v. Denno, or the "Massachusetts" procedure, sanctioned in that decision.

Under the unacceptable New York rule, the trial judge, after preliminary consideration, excludes the offered confession only if in no circumstances could the confession be deemed voluntary. If the evidence presents a fair question as to its voluntariness, the judge receives the confession and leaves to the jury, under proper instructions, the ultimate determination of its voluntary character and its truthfulness. Under the acceptable Massachusetts rule, on the other hand, the jury is permitted to pass upon voluntariness, but only after the judge has fully and independently resolved that issue against the accused.

■ It follows that where the state record shows only that evidence as to voluntariness was introduced during the trial and that the confession was subsequently admitted with an instruction to the jury to determine whether it was voluntary, it cannot be determined which rule has been followed.[5] It is therefore our opinion that a holding by a federal habeas court that the trial judge per-

formed his duty as specified in Jackson v. Denno may not rest on an assumption but must be based upon an affirmative showing in the trial record.

The district court's second reason for holding that the state trial judge made the requisite independent determination is that the state trial record affirmatively so shows.

■ Ellis was tried jointly with John C. Defer, his alleged associate in the robbery and shooting which led to the murder charge against both. The confessions of both defendants were received in evidence over the objection of counsel representing both Ellis and Defer. The nature of the objections, the evidence received on the question of voluntariness, and the rulings thereon, are closely interrelated and in many instances relate to both confessions. Because of this, the trial judge's action with respect to Defer's confession also has significance with regard to Ellis' confession. The district court so recognized and accordingly reviewed the trial judge's action on both confessions. We will follow a like course.

We agree with the view expressed in the district court's two opinions that, early in the trial, the state trial judge believed that he had no duty to make an independent ruling as to the voluntariness of the confessions.[6] The district court concluded, however, that on the

403 F.2d 507, decided November 14, 1968; Smith v. State of Texas, 5 Cir., 395 F.2d 958, 961. In *Smith*, the Fifth Circuit held that the state record failed to show a "reliable and clear-cut determination" of the issue of voluntariness. That court further held that the absence of such a showing in the state trial record cannot be cured by testimony by the state trial judge, given at the federal habeas hearing, that he would not have admitted the confession if, in his own mind, he believed it to be involuntary (395 F.2d at 961).

5. In Jackson v. Denno, the Supreme Court also approved the so-called "orthodox" procedure in dealing with an objection to the admission of a confession on the ground that it was not voluntary. Under the orthodox rule, the trial judge himself sole-

ly and finally determines the voluntariness of the confession. However, we know that in the case now before us the trial judge did not follow the orthodox procedure, because the jury was instructed to determine voluntariness.

6. For example, when Officer Alvin C. Corrasa of the San Francisco police department began to testify concerning oral statements made by Ellis while in custody, and counsel for Ellis objected thereto on the ground that the statements were not voluntary, the trial judge overruled the objection saying, "That is a question for the jury, however." When a similar objection was made to testimony concerning statements made by Defer during police questioning, the objection was overruled, the trial judge observing, "It is a question for the jury."

following day of the trial, the trial judge recognized that his prior ruling had been erroneous and acknowledged that he had a duty to make an independent determination of the voluntariness of the confessions.

One indication of this, the district court thought, was a colloquy which occurred when Officer Corrasa was being questioned concerning in-custody statements made to the police by Ellis. Counsel for Ellis objected " * * * until your Honor passes on the admission of the confession." The trial judge, after asking whether Ellis had been threatened, observed, "It is the duty of the Court to go into the question of admissibility of testimony when there is a question about whether or not the statements were made freely and voluntarily."

We are unable to agree that this remark shows that the trial judge revised his view of his function in passing upon an objection that a tendered confession was not voluntary. The judge did not say that he had changed his mind. More important, the statement by the trial judge which the district court relies on is as consistent with procedure under the unacceptable New York rule as under the acceptable Massachusetts rule. Under either rule the trial court must "go into the question of admissibility." However, under the New York rule, as noted above, this would be only for the purpose of deciding whether there is prima facie evidence of voluntariness, while under the Massachusetts rule, this would be for the purpose of making an independent determination of voluntariness. The trial judge did not state which of these courses he intended to follow.

In support of its conclusion that the trial judge recognized his initial mistake, the district court also relies on the state judge's remark on the second day that "I refused it yesterday but I believe I was in error." However, read in context, it will be seen that the trial judge was referring to the fact that on the previous day he had refused to permit Ellis to testify on the question of the voluntariness of his confession, which ruling the trial judge later considered to be incorrect. The trial judge was not commenting upon his ruling of the previous day to the effect that voluntariness of the confession was solely for the jury to determine.

The district court also relied on several additional trial incidents to show that the trial judge had changed his mind and had come to the view that he must independently determine voluntariness. We are unable to agree that these additional incidents have this significance.[7]

Later, counsel indicated that he wished to place Defer on the witness stand solely on the issue of voluntariness of his confession. The trial judge remarked, "If there is a conflict in the testimony, the Court cannot rule on it; it is a question for the jury to say whether or not it was free and voluntary." Moments later the trial judge repeated this observation. Shortly afterwards, when counsel again stated that he would call Defer as a witness on the question of voluntariness, the trial judge stated, "It will raise a conflict, and the Court cannot consider conflicts."

7. One of these incidents occurred after Officer Corrasa had testified to the effect that a written question and answer statement taken from Ellis while in police custody was freely and voluntarily given.

The prosecutor stated to the trial court that the question of voluntariness is a question of fact. The trial judge replied, "I think the question is for the Court primarily to decide, and the jury whether it was freely and voluntarily made." This statement is the closest the trial judge came to recognizing a duty to make an independent determination. However, we regard it as inconclusive, since the observation would have been appropriate whether the trial court intended to follow the New York procedure or the Massachusetts procedure, and since other observations of the trial court, referred to above and to be referred to below, demonstrate a continuing adherence to the New York rule rejected in Jackson v. Denno.

Another trial incident relied upon by the district court in concluding that the trial court intended to reach an independent

But even assuming that the observations of the trial judge, referred to above, have some tendency to show a change of position and acceptance of a duty to make an independent determination of voluntariness, later observations made by the trial judge during the course of the trial demonstrate that no change of position was intended and that no such duty was recognized or fulfilled. Thus, at a later point in the trial, when counsel for defendants stated that Defer's statement was not free and voluntary, the trial judge responded, "That is a question for the jury to determine."

Later during the course of the trial the judge explained to the jury that the court had "as a matter of law" permitted the statements to go into the record and that the jury would determine if they were voluntary. If the trial judge was admitting the statements "as a matter of law," and not after a determination of fact as to voluntariness, he was following the New York procedure and not the Massachusetts procedure approved in Jackson v. Denno.[8]  Still later in the trial, a disagreement arose between opposing counsel as to whether Ellis had testified that Officer Corrasa had threatened him with physical harm. The trial judge observed, "My recollection is different, but the jurors' recollection is what they will be guided by."

■ The state trial record contains no other statements or rulings by the trial judge which are helpful in deciding whether he fulfilled his Jackson v. Denno function. Had the judge intended to follow that procedure it would have been proper, for the reason stated in note 8, to rule on the objection in the presence of the jury, as the judge did, without explanation. But the judge should have made the basis of his ruling a matter of record by explaining it to counsel in the absence of the jury. This was not done.[9]  The giving of the instruction to the effect that the confession should not be considered by the jury unless they are convinced that it was freely and voluntarily made did not cure this deficiency, since such instruction would have been proper under either the New York or Massachusetts procedure.

■ In summary, the state record indicates to us that the trial judge failed to make a determination, evidenced in the trial record with "unmistakably clarity" (to apply the test of Sims v. Georgia, 385 U.S. 538, 544, 87 S.Ct. 639), that Ellis' confession was voluntary. In fact, such relevant observations and rulings as the trial judge did make during the course of the trial demonstrate that he did not intend to make any independent determination as to voluntariness.

We therefore conclude that the district court erred in holding that examination of the state trial record estab-

---

conclusion as to voluntariness is the trial judge's response to the inquiry of Ellis' counsel as to whether or not the statements taken from the defendants "will be allowed in evidence." The trial judge replied, 'Not as yet," and then asked the prosecutor whether he had any other evidence to offer on the question of admission of the statements. In our opinion, this observation and question provide no clue as to whether the trial judge intended to make an independent determination on the issue of voluntariness.

8. We do not mean to intimate that the trial judge should disclose to the jury the court's determination that a confession was voluntary.  See United States v. Fayette, 2 Cir., 388 F.2d 728, 736.

9. A hearing on the question of the voluntariness of a confession should ordinarily be held out of the presence of the jury. Otherwise, if the confession is held to be excludable, the defendant is unnecessarily prejudiced by having the jury hear references to the inadmissible confession. In this case, however, counsel for Ellis and Defer requested that the jury hear the evidence as to voluntariness and, in any event, the trial court permitted the confession to go to the jury.  Under these circumstances Ellis cannot, and does not, complain because the jury heard this evidence. See Pinto v. Pierce, 389 U.S. 31, 33, 88 S.Ct. 192, 19 L.Ed.2d 31; Gladden v. Unsworth, 9 Cir., 396 F.2d 373, 375, n. 1.

lishes compliance with the procedure prescribed in Jackson v. Denno. In view of this conclusion it is unnecessary to consider the other arguments advanced by Ellis on this appeal.

The course to be followed where, in a federal habeas proceeding, it is determined that a state trial court failed to follow Jackson v. Denno procedure, is prescribed in that decision. See 378 U.S. at 394–396, 84 S.Ct. 1774. See also, Singer v. Myers, 392 U.S. 647, 88 S.Ct. 2307, 20 L.Ed.2d 1358; Boles v. Stevenson, 379 U.S. 43, 45–46, 85 S.Ct. 174, 13 L.Ed.2d 109; Smith v. State of Texas, 5 Cir., 395 F.2d 958, 964.

█ Consistent therewith, the judgment denying Ellis' application for a writ of habeas corpus is reversed and the case is remanded to the district court to allow the state a reasonable time to afford Ellis a new trial or, if the state prefers, an evidentiary hearing limited to the question of the voluntariness of his confession and other incriminating statements received in evidence.[10] If the state follows the latter course and the state court determines that Ellis' confession and statements were voluntarily given, admissible in evidence, and properly to be considered by the jury, there is no constitutional necessity that Ellis be granted a new trial. If the state fails to follow either course within a reasonable time, Ellis is entitled to his release.

CHAMBERS, Circuit Judge (dissenting):

I do not believe that Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774 (1964), and Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, require us to do what the majority has done herein.

The case was tried in 1946 before a judge who died November 21, 1949.

I would say that there is just as good an argument on the state record that the state trial judge applied the Massa-chusetts rule as that he applied the New York rule. On a case pre-Sims, I would require the petitioner to show by book and page wherein in the state record that the New York rule was applied. I had always thought in habeas corpus the burden of proof was on petitioner.

It is true that Sims says the fact of the application (of the Massachusetts rule) must appear with "unmistakable clarity." But why did the majority say in Sims, "Jackson, having been decided June 22, 1964, was binding on the courts of Georgia in this case [Sims], it having been tried October 7, 1964?" True it is said it is a constitutional rule, but I think Sims lays down a procedural rule to assure compliance with the constitutional mandate that confessions not be coerced. Thus, I would leave on an old case the burden of proof on petitioner on the existing state record.

10. As pointed out in Gladden v. Unsworth, 9 Cir., 396 F.2d 373, 375, while Jackson v. Denno dealt with a confession rather than an admission the same contitutional principle is applied to admissions.