UNITED STATES of America, Appellee,

v.

Ulysses Thomas McDANIEL, and Barbara Kesler McDaniel, Appellants.

No. 75–3735.

United States Court of Appeals, Ninth Circuit.

July 12, 1976.

Rehearing and Rehearing En Banc Denied Nov. 26, 1976.

---

Timothy Ford (argued), Seattle, Wash., for appellants.

Bruce Carter, Asst. U. S. Atty. (argued), Seattle, Wash., for appellee.

Before ELY and GOODWIN, Circuit Judges, and SMITH,* District Judge.

GOODWIN, Circuit Judge:

Defendants appeal their convictions for transportation of firearms in foreign commerce by a convicted felon and for aiding and abetting, respectively. 18 U.S.C. §§ 922(g) and 2. Two assignments of error merit discussion. We reverse and remand.

Ulysses McDaniel had been convicted of a felony, and consequently became subject to the federal firearms disabilities attendant to his conviction. His wife, Barbara, who was under no disability, purchased a supply of weapons, including semiautomatic rifles. She complied with all regulations when purchasing the firearms. In 1973, the couple drove to Canada for a vacation, taking the weapons with them. Barbara testified that she declared her firearms to the Canadian Customs Office upon entry. She also testified that one of the reasons for vacationing in Canada was to let Ulysses use the firearms without risking United States prosecution.

The couple overstayed their allowed time in Canada. Canadian police arrested them, interviewed them, and deported them. United States Customs Agents interviewed them about their activities and then released them. A short time after their return to the United States, Ulysses was indicted for transporting firearms in foreign commerce and Barbara was indicted for aiding and abetting. A jury found both guilty.

The government's case was based in part on the testimony of Canadian officers who testified that Ulysses had referred to the firearms as "mine" or "ours" during one or more interviews. The jury could also infer from the timing of Barbara's purchase of the weapons at or near the commencement of her relationship with Ulysses that she acted at his request. There was evidence that both Ulysses and Barbara were aware

---

* The Honorable Russell E. Smith, Chief Judge, United States District Court for the District of Montana, sitting by designation.

of the federal disabilities. Further, the Canadian police testified that Ulysses appeared to be familiar with the unloading and breakdown procedures of the various weapons.

During the deliberations, the jury sent the court a note asking, "Can an individual aid and abet a crime without knowledge that a crime is being committed?" The court sent back the answer, "Yes". This was error.

Presumably, the court interpreted the jury's question as asking whether the aider and abetter must know that the activity was a crime. It is true that ignorance of the law is no excuse, but the jury's question was not that simple. The jury could have been asking whether Barbara could be guilty of aiding or abetting without knowing that Ulysses was committing the various forbidden elements of the principal crime, not whether she knew those acts to be illegal.

The *mens rea* of aiding and abetting is "guilty knowledge". *Grant v. United States*, 291 F.2d 746, 749 (9th Cir. 1961). Barbara, in order to be found guilty, must at least have assisted Ulysses in the transportation of the firearms knowing that he was transporting firearms. We said recently that one acting with "criminal intent and design to assist the perpetrators" is guilty of aiding and abetting. *United States v. Lane*, 514 F.2d 22, 27 (9th Cir. 1975). *But see Weedin v. United States*, 380 F.2d 657, 660 (9th Cir. 1967). A defendant to be an aider and abetter must know that the activity condemned by the law is actually occurring and must intend to help the perpetrator. R. Perkins, Criminal Law 645 (1969). By its answer to the jury's question, the court could have caused the jury to disregard the requisite scienter elements which the jury had to find in order to convict Barbara.

The second error occurred during the pretrial hearing on the motion to suppress. The defendants alleged that the United States Customs Agent did not advise defendants of their *Miranda* rights before interrogating them. The Customs Agent stated that he gave the warnings. During the pretrial hearing, the judge severely restricted cross-examination of the Customs Agent. The court held that the question whether or not the *Miranda* warnings were given should go to the jury. As we stated in *Javor v. United States*, 403 F.2d 507 (9th Cir. 1968), *cert. denied*, 404 U.S. 864, 92 S.Ct., 44, 30 L.Ed.2d 107 (1971):

> "The trial court's obligation is not satisfied by a determination that the government has made out a prima facie case that the confession was voluntary, leaving it to the jury to determine on conflicting evidence whether the confession was freely and voluntarily made; it is 'for the trial judge to first decide these conflicts and discrepancies' * * *."
>
> 403 F.2d at 509.

Although *Javor* is authority for preliminary determinations of "voluntariness" of confessions (*see Jackson v. Denno*, 378 U.S. 368, 377–78, 84 S.Ct. 1174, 12 L.Ed.2d 908 (1964)), we see no reason why the same rationale does not embrace a *Miranda* question. *Coyote v. United States*, 380 F.2d 305, 309 (10th Cir.), *cert. denied*, 389 U.S. 992, 88 S.Ct. 489, 19 L.Ed.2d 484 (1967).

Perhaps the trial court actually thought that it had found preliminarily that the warnings had been given, and that the jury need decide only whether the Customs Agent's report was credible. But the record contains too many ambiguities for us to say confidently that this happened. On remand, the court should allow the defendants, out of the presence of the jury, reasonable cross-examination to prove bias and to challenge the credibility and possible prior inconsistent statements, if any, of the Customs Agent. This can be accomplished at a pretrial hearing without inconvenience to the jury. And the court should make its own ruling clearly, in the record, before sending the question on to the jury.

The other issues on appeal are without merit.

Reversed and remanded.