**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Noel REAL and Francisco Javier Gomez, Jr. Defendants— Appellants.**

**No. 01–50608, 01–50609.
D.C. Nos. CR–01–00480–MJL–01 CR–01–00480–MJL–02.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided Aug. 21, 2002.

Circuit Rule 36–3.

Before HALL, SILVERMAN and RAWLINSON, Circuit Judges.

MEMORANDUM *

Defendants–Appellants Noel Real ("Real") and Francisco Gomez, Jr. ("Gomez") appeal their convictions, after a jury

* This disposition is not appropriate for publication and may not be cited to or by the courts

trial, for importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960, and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

 1. The district court did not err when it denied defendants' motions to dismiss the indictment. The drug statutes at issue do not offend the constitutional principles set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because those statutes do not prohibit the jury from determining drug type and quantity. *See United States v. Buckland,* 277 F.3d 1173, 1180–83 (9th Cir. 2002) (en banc); *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir. 2002). Neither does *Apprendi* require that the indictment allege or the government prove that the defendants knew the type and amount of the controlled substance they imported or possessed. *See United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002). Additionally, the indictment need not allege aiding and abetting. Aiding and abetting is not an essential element of the charged offense, "but rather describes the kinds of individuals who can be held responsible for a crime . . . ." *United States v. Armstrong,* 909 F.2d 1238, 1243 (9th Cir.1990) (citation and internal quotation marks omitted). For that reason, "[a]iding and abetting is implied in every federal indictment for a substantive offense." *Id.* at 1241 (citation omitted).

 2. The district court did not err when instructing the jury. Since knowledge of drug type and quantity are not elements of the charged offense, the district court properly instructed the jury that defendants need only know that the substance was some kind of prohibited

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

drug. *See Carranza,* 289 F.3d at 644. Additionally, all prerequisites for aiding and abetting, including knowledge and intent, were adequately stated in the jury instructions. *See United States v. Jackson,* 72 F.3d 1370, 1385 (9th Cir.1995); *United States v. Burgess,* 791 F.2d 676, 679–80 (9th Cir.1986) (approving an instruction similar to the one given by the district court in this case). The jury was only required to find that the defendants acted with the specific intent to facilitate the crime, which at least equaled the mental state required for conviction of the underlying offense. *See United States v. Sayetsitty,* 107 F.3d 1405, 1412 (9th Cir. 1997). *Sayetsitty* and the line of cases of which it is a part distinguish the "intent to facilitate the commission of a crime" from "the requisite intent of the underlying substantive offense" merely to clarify that aiding and abetting requires specific intent even if the underlying crime is a general intent crime. *Id.; see also United States v. Gaskins,* 849 F.2d 454, 459 (9th Cir. 1988); *United States v. McDaniel,* 545 F.2d 642, 644 (9th Cir.1976) (indicating that to be an aider and abetter, defendant must know that the activity condemned by the law is actually occurring and must intend to help the perpetrator).

■ 3. The district court did not err in denying defendants' requests to sever their trial. *See Richardson v. Marsh,* 481 U.S. 200, 208–09, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). The district court properly precluded Gomez from raising the issue that he entered Mexico in a car other than the Mercury Tracer in which he was riding when crossing the border with Real. Such a tactic would have been misleading to the jury and was only available because Gomez' statement was redacted to protect Real. *See* Fed.R.Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of ... misleading the jury"); *Herring v. New York,* 422 U.S. 853, 862, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (indicating that a trial court may limit closing arguments that "impede the fair and orderly conduct of the trial").

■ 4. The district court erred in disallowing Gomez' argument that the marijuana was in the Mercury Tracer when it was purchased. This argument was not misleading and was fairly raised by the evidence. *See Conde v. Henry,* 198 F.3d 734, 739 (9th Cir.1999). The error, however, was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (indicating that constitutional error may be disregarded if, under the totality of the circumstances, the reviewing court finds beyond a reasonable doubt that the error did not contribute to the verdict). The jury rejected Gomez' argument that he did not know about the marijuana and therefore would have rejected Gomez' more wildly improbable argument that he did not know about the marijuana because the car was unknowingly purchased complete with a large stash of valuable drugs hidden in the bumper and side panel. *See United States v. Sawyer,* 443 F.2d 712, 713–14 (D.C.Cir.1971) (affirming conviction despite trial court's error in excluding closing argument, because trial court permitted a comparable argument).

**AFFIRMED.**