UNITED STATES of America, Plaintiff–Appellee,

v.

Jesus VELASQUEZ–CARBONA, Defendant–Appellant.

No. 92–30152.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 1993 *.

Decided April 16, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

David G. Skeen, Port Townsend, WA, for defendant-appellant.

Richard A. Jones, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

Jesus Velasquez–Carbona appeals his jury conviction for conspiracy to distribute cocaine, possession with intent to distribute cocaine, possession of a firearm during a drug offense, and possession with intent to distribute heroin. He claims that (1) the evidence presented by the government was insufficient to support his convictions, and (2) his due process rights were violated as a result of a law clerk's ex parte contact with a juror. We affirm.

## I. FACTS.

Appellant Velasquez was arrested in his bed in an apartment. He had a loaded .357 magnum revolver on the nightstand. His roommate Lopez, who had been plainly identified as the person who sold cocaine to an undercover informant, was arrested as he sat in his bed with a loaded .12 gauge shotgun in his hands. Cocaine, heroin, and associated sales equipment were found in a kitchen cabinet. Appellant's fingerprints were on the inside of the heroin box. In appellant's bedroom closet, the police found a drug ledger. The informant testified that he had purchased cocaine many times from appellant as well as Lopez. The police also found an old bill for the apartment telephone in appellant's name.

When both sides had finished presenting their evidence at trial, and prior to deliberations, the trial judge's law clerk gave a juror a ride to the bus stop after arguments ran late on the final day of trial. On the record, the trial judge told juror Langston "we will get you down to your bus stop before 5:15. My law clerk will give you a ride down there." After releasing the jury for the day, the judge asked juror Langston if she was prepared to leave, and asked her to get her coat and "the clerk will give you a ride down to the bus stop." On neither occasion did the defense object to the law clerk giving juror Langston a ride to the bus stop, ask for a hearing, or request any other relief.

Velasquez and codefendant Lopez were convicted on all counts, and Velasquez received a sentence of 123 months imprisonment and five years supervised release.

## II. ANALYSIS.

### 1. Sufficiency of Evidence.

Velasquez asserts that the evidence presented by the government was insufficient to support his convictions. He did not move for a judgment of acquittal at the conclusion of the government's case on all of the evidence, so we review sufficiency only to prevent a miscarriage of justice or for plain error. *See United States v. Smith*, 924 F.2d 889, 893–94 (9th Cir.1991); *United States v. Harden*, 846 F.2d 1229, 1232 (9th Cir.), *cert. denied*, 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252 (1988).

A rational trier of fact could have inferred, *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *United States v. Bishop*, 959 F.2d 820, 829 (9th Cir.1992), that appellant conspired with Lopez to sell cocaine, possessed the cocaine and heroin in the kitchen in order to sell it, and was responsible as a coconspirator for Lopez's possession of the shotgun during and in relation to their pos-

session of cocaine. *See United States v. Vasquez*, 858 F.2d 1387, 1393 (9th Cir. 1988), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 978 (1989); *United States v. Johnson*, 886 F.2d 1120, 1123 (9th Cir. 1989) (holding that a conviction under 18 U.S.C. § 924(c)(1) may be maintained under a conspiracy theory).

### 2. Ex parte contact with juror.

 Velasquez argues that he is entitled to an evidentiary hearing to determine whether his due process rights were violated when the trial judge's law clerk gave one of the jurors a ride to a bus stop. Because Velasquez did not ask in the district court for such a hearing or object to the law clerk's ex parte juror contact, we review the trial court's treatment of the juror for plain error. *United States v. Dischner*, 974 F.2d 1502, 1515 (9th Cir. 1992), *cert. denied*, — U.S. —, 113 S.Ct. 1290, 122 L.Ed.2d 682 (1993); Fed. R.Crim.P. 52(b). To show plain error, a defendant must identify a highly prejudicial error affecting substantial rights. *Id.* Plain error is invoked to prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process. *United States v. Smith*, 962 F.2d 923, 935 (9th Cir.1992). Velasquez has given us no reason to believe a miscarriage of justice occurred. We have no reason to suppose, on the record, that the juror and law clerk engaged in improper discussion of the case, nor did the trial judge.

 A district court must hold a fair hearing when it finds there is a reasonable possibility of prejudice to the verdict. *United States v. Madrid*, 842 F.2d 1090, 1094 (9th Cir.), *cert. denied*, 488 U.S. 912, 109 S.Ct. 269, 102 L.Ed.2d 256, 257 (1988). Velasquez has made no such showing. The fact that the trial judge's law clerk drove one of the jurors to a bus stop is not sufficient, alone, to create a "reasonable possibility" of prejudice. We do not presume prejudice where a court or its staff show courtesy to citizens serving as jurors.

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed.

The district court's failure to order an evidentiary hearing on this ground, when none was requested by Velasquez, did not constitute a miscarriage of justice or an affront to the integrity and reputation of the judicial process. Thus, the district court is

AFFIRMED.