26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo BECERRA, Defendant-Appellant.
 No. 93-10345.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1994.
Decided May 19, 1994.
 
 Before: FLETCHER and TROTT, Circuit Judges, and KING,* District judge
 MEMORANDUM**
 Alfredo Becerra challenges his conviction and sentence for conspiracy to possess and distribute heroin and aiding and abetting the possession with intent to distribute that heroin. We affirm.
 * Becerra argues the district court erred in allowing Martin Alvarez to testify that Adalberto Rubio stated, (1) he (Rubio) was going to get a scale from Becerra's house, and (2) Becerra telephoned while Alvarez and Rubio were packaging the heroin. The district court admitted these two statements as coconspirator statements under Fed.R.Evid. 801(d)(2)(E). Under this rule, "An out-of-court statement by a coconspirator is admissible if (1) there is independent evidence of the existence of a conspiracy, (2) the statement was made in furtherance of the conspiracy, and (3) the statement was made during the course of the conspiracy." United States v. Arias-Villanueva, 998 F.2d 1491, 1502 (9th Cir.), cert. denied, 114 S.Ct. 359 (1993). Becerra claims the government failed to show that he was a member of the conspiracy and that Rubio made the statements in furtherance of the conspiracy.
 We have articulated a number of possible standards of review for coconspirator statements. However, the distinctions between these standards do not affect the result in this case. Under the standard most favorable to Becerra, "We review 'de novo the legal question of whether the government established a prima facie showing of conspiracy but apply a clearly erroneous standard in reviewing whether a challenged statement was made in the course and furtherance of a conspiracy.' " Id. (quoting United States v. Smith, 893 F.2d 1573, 1577 (9th Cir.1990)).[1]
 Becerra does not challenge the existence of the conspiracy, and once a conspiracy is shown, "the government must show only substantial evidence--not evidence beyond a reasonable doubt--independent of the coconspirators' statements which demonstrates [the defendant] has at least a slight connection to the existing conspiracy." United States v. Paris, 827 F.2d 395, 400 (9th Cir.1987); United States v. Zamek, 634 F.2d 1159, 1170-71 (9th Cir.1980), cert. denied, 450 U.S. 916 (1981). Alvarez delivered to Becerra approximately $15,000 in cash that came from Soto; Becerra was present in the Redwood City parking lot; he gave Alvarez the telephone number for the San Jose safe-house and told him to accompany Rubio to the house. We find this evidence more than adequate to connect Becerra to the conspiracy.
 "[S]tatements made to ... allay fears or keep coconspirators abreast of an ongoing conspiracy's activities are admissible" and are considered statements made in furtherance of the conspiracy. Arias-Villanueva, 998 F.2d at 1502. Rubio's statement that he was going to Becerra's house to get a scale was made in furtherance of the conspiracy because the scale was needed to weigh the heroin and because Rubio was keeping Alvarez abreast of his activities by telling him where he was going. The district court did not clearly err in admitting this statement. The district court also did not clearly err in concluding Rubio's second statement, that Becerra had called the safe-house, was also made in furtherance of the conspiracy because Rubio was reassuring Alvarez that the conspiracy was proceeding smoothly.
 II
 Becerra argues that the evidence presented at trial was insufficient to support his conviction on either the conspiracy or the aiding and abetting count. Because he did not move for a judgment of acquittal at the conclusion of the government's case or after all the evidence had been presented, we review "only to prevent a miscarriage of justice or for plain error." United States v. Velasquez-Carbona, 991 F.2d 574, 575 (9th Cir.), cert. denied, 113 S.Ct. 2982 (1993); United States v. Ward, 914 F.2d 1340, 1346 (9th Cir.1990). It was neither plain error nor a miscarriage of justice for the jury to have found, from the evidence presented, Becerra guilty of both conspiracy and aiding and abetting.
 
 III
 
 1
 Becerra argues the district court erred in assigning two criminal history points to his 1986 drug conviction. The Sentencing Guidelines require the court to assign two points for "each prior sentence of imprisonment of at least sixty days" but not more than 13 months. U.S.S.G. Sec. 4A1.1(b). Because Becerra served more than 60 days in jail before his sentence was reduced to time served, the district court did not err in assigning this conviction two criminal history points.
 
 IV
 
 2
 Becerra further claims the district court erred by not granting his request for an evidentiary hearing to determine the quantity of drugs attributable to him. We review the court's decision not to hold such an evidentiary hearing for abuse of discretion. Fed.R.Crim.P. 32(c)(3)(A); United States v. Harrison-Philpot, 978 F.2d 1520, 1525 (9th Cir.1992), cert. denied, 113 S.Ct. 2392 (1993). The district court did not abuse its discretion in concluding Becerra, as a principal party in the conspiracy, was responsible for all of the drugs, the quantity of drugs was clearly set forth at trial and supported by the evidence, and an evidentiary hearing was, therefore, unnecessary.
 
 V
 
 3
 Finally, Becerra argues the rule of lenity requires the court to sentence him under 21 U.S.C. Sec. 841(b)(1)(B) rather than Sec. 841(b)(1)(A). Because Sec. 841(b)(1)(B) applies to cases involving more than 100 grams of heroin and Sec. 841(b)(1)(A) applies where there is at least one kilogram of heroin, Becerra claims the statutes overlap and are, therefore, ambiguous. We have previously determined, however, that Sec. 841(b)(1)(A)'s "sentencing prescriptions are entirely unambiguous..... The statute is clear." United States v. Contreras, 895 F.2d 1241, 1243 (9th Cir.1990). The district court properly sentenced Becerra under 21 U.S.C. Sec. 841(b)(1)(A).
 
 
 4
 Becerra's conviction and sentence are AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We articulated a slightly different standard of review in United States v. Arambula-Ruiz, 987 F.2d 599 (9th Cir.1993), stating, "We review for abuse of discretion the district court's decision to admit co-conspirator statements and for clear error the underlying factual determination that a conspiracy existed and that the statements were made in furtherance of that conspiracy." Id. at 607