67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hermenegildo PISCIL, Defendant-Appellant.
 No. 94-10045.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided Sept. 20, 1995.
 
 1
 Before: KOZINSKI and HAWKINS, Circuit Judges, and SILVER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Hermenegildo Piscil ("Piscil") appeals his conviction and sentence for possession with intent to distribute and aiding and abetting in possession with intent to distribute cocaine. We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742, and we affirm.
 
 1. Jury Instructions
 
 4
 Piscil argues that the district court's instructions on the charge of aiding and abetting and the definition of the term "knowingly" confused the jury into believing that it could convict Piscil of aiding and abetting without first finding that he acted knowingly in helping his codefendant possess cocaine with the intent to distribute. Because Piscil did not object to the instructions at trial, we review them for plain error and will reverse only in exceptional circumstances. United States v. Vaandering, 50 F.3d 696, 701 (9th Cir.1995) (citing United States v. Tarazon, 989 F.2d 1045, 1051 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993)); United States v. Hegwood, 977 F.2d 492, 495-96 (9th Cir.1992), cert. denied, 113 S.Ct. 2348 (1993).
 
 
 5
 The two instructions with which Piscil takes issue are Ninth Circuit Instructions 5.01 and 5.06. Instruction 5.01 provides in relevant part:
 
 
 6
 To prove a defendant guilty of aiding and abetting the government must prove beyond a reasonable doubt:
 
 
 7
 1. The offense was committed;
 
 
 8
 2. The defendant knowingly and intentionally aided, counseled, commanded, induced or procured someone to commit the offense and
 
 
 9
 3. The defendant acted before the crime was completed.
 
 
 10
 It is not enough that the defendant merely associated with the perpetrator or was present at the scene of the crime, or unknowingly or unintentionally did things that were helpful to the principal.
 
 
 11
 The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping the principal commit possession of cocaine with intent to distribute it.
 
 Instruction 5.06 provides:
 
 12
 An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.
 
 
 13
 We are not persuaded by Piscil's argument that the jury was incapable of discerning the distinction raised by these instructions: that the defendant, to act "knowingly," needed to act with an awareness of what he was doing, but that he did not necessarily need to know that his actions were unlawful. Unlike United States v. McDaniel, 545 F.2d 642 (9th Cir.1976), nothing in the record suggests that the jury was confused by these legally sound instructions. We do not find that the district court committed plain error in giving them.
 
 2. Sufficiency of the Evidence
 
 14
 Piscil next argues that insufficient evidence existed to prove beyond a reasonable doubt that he had the requisite knowledge and intent to possess or aid and abet the possession of cocaine with intent to distribute. Because Piscil did not move for acquittal pursuant to Fed.R.Crim.P. 29 at the close of the government's case, we review for plain error. See United States v. Velasquez, 991 F.2d 574, 575 (9th Cir.), cert. denied, 113 S.Ct. 2982 (1993). We will uphold the conviction if, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found [Piscil] guilty beyond a reasonable doubt." United States v. Davilla-Escovedo, 36 F.3d 840, 842 (9th Cir.1994), cert. denied, 115 S.Ct. 953 (1995).
 
 
 15
 Viewing the evidence in the light most favorable to the government, the record indicates, among other things, that Piscil placed the package of cocaine under his sweater when he retrieved it from the car, he scanned the area as he walked from the car to the upholstery shop to give the package to his codefendant, and he stood by quietly as his codefendant described the high quality of the cocaine to the undercover agent. Moreover, one of the arresting agents testified that Piscil admitted that he knew the package contained cocaine before his arrest and that he was present at the upholstery shop to help his codefendant sell the cocaine. We find no plain error in the jury's conclusion that Piscil possessed the requisite knowledge and intent.
 
 3. Sentencing
 
 16
 Piscil also argues that the district court erred in denying him a downward adjustment for playing a minor role in the offense. "[T]his court has consistently stated that a downward adjustment under 3B1.2 is to be used infrequently and only in exceptional circumstances." United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). "A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous." Id.
 
 
 17
 The district court found that Piscil was not entitled to a minor participant downward adjustment because he accompanied his codefendant to make the sale, transported the cocaine from the car to the upholstery shop where the transaction took place, and was "an equal participant in the sales transaction." We do not find the district court's conclusions to be clearly erroneous and we affirm its denial of the downward adjustment.
 
 
 18
 Accordingly, Piscil's conviction and sentence are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3