**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10000 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00280-KJD-GWF-4 |
| v. | |
| LINDA MARIE KOT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted April 7, 2014
San Francisco, California

Before: SCHROEDER, LIPEZ[**], and CALLAHAN, Circuit Judges.

**I.**

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kermit V. Lipez, Senior Circuit Judge for the First Circuit, sitting by designation.

Linda Marie Kot ("Kot") challenges: (1) her conviction for mail fraud, wire fraud, bank fraud and conspiracy to commit mail fraud, wire fraud, and bank fraud; (2) her 2-level sentencing enhancement for relevant conduct; and (3) the district court's loss calculation of $2.5 to $7 million, resulting in an increase of 18 in the base offense level. Kot's convictions arose out of her alleged masterminding of a scheme whereby she sold properties to a real estate trust (the "Trust") – created by Hugo Coutelin ("Coutelin") and Michael Perry ("Perry"), and later joined by Jeff Thomas ("Thomas") – in exchange for brokerage commissions. We have jurisdiction pursuant to 28 U.S.C. § 1291. Kot's evidentiary claims and other objections are not persuasive; therefore we affirm her conviction and sentence.[1]

## II.

**A.** Contrary to Kot's assertions, there was sufficient evidence to support the jury's finding that her alleged falsehoods were material to the issuance of the bank loans in question, and that the funds were under the custody and control of an FDIC-insured institution. As to materiality, the jury heard testimony from employees of the mortgage brokers/banking subsidiaries that absent the falsifications provided by Kot the loans in question would not have been approved.

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

Further, custody and control by an FDIC-insured institution was established because: (1) the parties stipulated that Wells Fargo, Fremont and North Fork Bank ("North Fork") were federally insured institutions within the meaning of 18 U.S.C. § 1344; (2) the parties stipulated that for all sales in which North American Title was the settlement agent, Wells Fargo was the funding bank; and (3) there was testimony that North Fork Bank funded the loans underwritten by its subsidiary, GreenPoint Mortgage Funding, Inc. ("GreenPoint"). Accordingly, viewed in the light most favorable to the prosecution, a rational juror could have found the elements of the crime beyond a reasonable doubt. *United States v. Rizk*, 660 F.3d 1125, 1134 (9th Cir. 2011).

**B.** The district court did not err in allowing testimony regarding other real property transactions that were the subject of a dismissed indictment. The admission of testimony by government witness Jeffrey Palladino ("Palladino") and defense witness Gary Krape ("Krape") was not a Fifth Amendment violation because Kot was not "held to answer" for any crimes not charged in the Indictment. *United States v. Shipsey*, 190 F.3d 1081, 1085 (9th Cir. 1999). Further, the evidence was admissible because it concerned events inextricably intertwined with the charged offenses and therefore was necessary to the government's ability to offer a coherent and comprehensible story regarding the

3

crime's commission. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995). In the alternative, the testimony was admissible as evidence of other acts under Fed. R. Evid. 404(b) because it tended to prove motive, intent, plan and knowledge, and refuted Kot's claims of innocence and mistake. *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996). The testimony helped establish that Kot had previously devised and executed the same scheme with her friends and relatives, and sold properties she purchased in her friends' and relatives' names to the Trust.

**C.** The district court did not err in permitting the term "straw buyers" to be used at trial. The district court's ruling that the term "straw buyer" was not unduly prejudicial under Fed. R. Evid. 403 was not an abuse of discretion. *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001). The district court instructed the jury as to the term's neutrality and stressed the jury's role in deciding whether a straw buyer relationship existed.

**D.** The prosecutor's admitted error in asking Kot about the veracity of government witnesses does not warrant reversal; nor did the government improperly comment on the veracity of various witnesses in its closing argument. Although "it[ is] black letter law that a prosecutor may not ask a defendant to comment on the truthfulness of another witness," the defendant must show

4

prejudice to warrant a new trial. *United States v. Harrison*, 585 F.3d 1155, 1158-59 (9th Cir. 2009). Here, the evidence of Kot's guilt – in the form of both exhibits and testimony by numerous witnesses – was overwhelming. In addition, the district court clearly instructed the jury that it should make its own judgment as to the veracity of witnesses. Accordingly, there was no prejudice.

Further, the prosecutor's use of the phrase "you know" and his immediate self-correction during closing argument did not amount to vouching for witnesses. There was no implication that he was making personal assurances or suggesting that information not presented supported the witnesses' testimony. *See United States v. Parker*, 241 F.3d 1114, 1119 (9th Cir. 2001). The prosecutor permissibly pointed out the discrepancies in testimony, and the jury was instructed to make its own judgment as to the credibility of the witnesses. *See Jackson*, 84 F.3d at 1158. Further, even if the comments were construed as vouching, they do not warrant reversal because they "did not 'seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings,'" given the abundance of the evidence. *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

**E.** The district court did not err in not interviewing a juror regarding her spouse's communication with government witness Palladino. Upon learning from the prosecution of the brief exchange between a man in the audience, who was a

5

juror's husband, and government witness Palladino regarding their common surname, the court interviewed the man and gave him a stern warning in the presence of the prosecution and defense. Because Kot did not request any further inquiry, the court's actions are reviewed for plain error. *United States v. Velasquez-Carbona*, 991 F.2d 574, 576 (9th Cir. 1993). Here, the communication was completely unrelated to the case, and there is no evidence that the exchange between the two was relayed to the juror. Contrary speculation is insufficient to establish prejudice. *See United States v. Yousef,* 327 F.3d 56, 161 (2nd Cir. 2003). Accordingly, there was no error, much less plain error.

**F.** The district court's exclusion of the Suspicious Activity Report ("SAR") did not amount to a *Brady/Giglio* error.[2] Suppression by the prosecution of evidence favorable to an accused is a violation of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Here, the prosecutor disclosed the SAR on the second day of trial, after Kot's opening statement made clear that she would argue, in part, that the mortgage brokers were to blame for the false information provided on loan documents. Kot has not shown

---

[2]     Pursuant to 12 C.F.R. § 21.11, a SAR must be filed with the Financial Crimes Enforcement Network of the Department of the Treasury by a national bank in predefined situations that indicate possible violations of banking laws.

that the SAR was material to her guilt or innocence. In addition, although the court did not allow the admission of the document itself, it ruled that Kot's counsel could question the relevant government witnesses about the SAR, which Kot's counsel declined to do. Accordingly, there was no due process violation.

**G.** The district court did not err in (1) enhancing Kot's base offense level by 2 for relevant conduct, or (2) calculating a loss range of $2.5 to $7 million, resulting in an increase of 18 in the base offense level. The Ninth Circuit reviews the district court's interpretation of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") de novo, its application to the facts of a case for abuse of discretion, and its factual findings for clear error. *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008). Here, the parties stipulated that the loss range was $2.5 to $7 million (a fact), necessarily resulting in an increase of 18 in the base offense level. The district court's acceptance of this figure was not clear error. In addition, it was not an abuse of discretion for the district court to apply a 2-level sentencing enhancement based on its independent judgment that Kot's conduct was more egregious than that of her co-conspirators and that she intentionally testified falsely as to a material matter.

**H.** The asserted trial errors, as a cumulative whole, do not warrant reversal for a new trial. Kot has raised only one possibly meritorious claim, that of the

7

prosecutor questioning her as to witnesses' veracity, and that issue is insubstantial in light of the overwhelming evidence against her. *Parle v. Runnels*, 505 F.3d 922, 927-28 (9th Cir. 2007). Accordingly, reversal is not warranted on the basis of cumulative error.

## III.

For the reasons stated above, we affirm Kot's conviction and sentence.