In the

# United States Court of Appeals

### For the Seventh Circuit

No. 07-3849

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

HARVEY C. JACKSON IV,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 06-CR-30136-DRH—**David R. Herndon**, *Chief Judge*.

ARGUED JANUARY 12, 2009—DECIDED FEBRUARY 18, 2009

Before EASTERBROOK, *Chief Judge*, and WILLIAMS and SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Harvey Jackson pleaded guilty to two drug crimes plus possessing firearms in furtherance of a drug-trafficking offense. 18 U.S.C. §924(c). Before being sentenced he sought to withdraw the plea on the weapons count while leaving the guilty pleas on other counts in place. The district court held a hearing, concluded that Jackson's testimony about the nature of his lawyer's advice (and the state of his own knowledge)

was dissimulation, and denied the motion. Jackson was sentenced to a total of 87 months' imprisonment—27 on each drug conviction (to run concurrently), followed by 60 on the firearms charge.

Jackson does not press in this court his contention that his lawyer misled him about the nature of the charges and the likely consequences of a guilty plea. Instead he contends that he is innocent of the charge because he possessed the guns for his protection—and *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), holds that the Constitution's second amendment entitles people to have handguns in the home for self-protection.

The Court said in *Heller* that the Constitution entitles citizens to keep and bear arms for the purpose of *lawful* self-protection, not for *all* self-protection. Jackson was distributing illegal drugs (cocaine and unlicensed dextromethorphan hydrobromide tablets) out of his home. The Constitution does not give anyone the right to be armed while committing a felony, or even to have guns in the next room for emergency use should suppliers, customers, or the police threaten a dealer's stash. Jackson says that he lived in a dangerous neighborhood and wanted to protect himself from burglars and other marauders. That may be so, but his decision to operate an illegal home business also matters. Suppose a federal statute said: "Anyone who chooses to possess a firearm in the home for self-protection is forbidden to keep or distribute illegal drugs there." Such a statute would be valid, as Jackson's lawyer conceded. And if Congress may forbid people who possess guns to deal drugs, it may

forbid people who deal drugs to possess guns. The statements "if you have a gun, you can't sell cocaine" and "if you sell cocaine, you can't have a gun" are identical.

So there is no constitutional problem with separating guns from drugs, and the right question is whether the record contains a factual basis for the plea of guilty. Section 924(c) makes it a crime to possess a firearm "in furtherance of" a drug-trafficking offense. Jackson observes that agents found the guns in the bedroom of his apartment, while the drugs were prepared, kept, and sold in other rooms. His problem is that he has repeatedly said that he possessed the guns to protect himself while at home—and it was from his home that he distributed illegal drugs. The record contains a report by a federal drug-control agent summarizing Jackson's statements and observing that a drug dealer who speaks of "protection" means protection of the drug business, for that is where the principal risk lies. (Drug dealers are much more likely to be robbed by suppliers and customers than a householder chosen at random is apt to be the subject of burglary, because the suppliers and customers know that the drug purveyor can't turn to the police for help; this makes dealers especially attractive targets.) The written plea agreement states that "possession [of the guns] was in furtherance of the drug crime described in count 2" (distributing cocaine). Jackson represented that he "agrees and admits" this element. In open court the judge asked Jackson whether he had read the plea agreement and stood by his representations; Jackson (who is literate) said yes. That's an adequate factual basis for the plea. The judge also ensured that

Jackson had discussed the facts, the legal standards, and potential defenses thoroughly with counsel.

At the hearing on his motion to withdraw the plea, Jackson contradicted these representations. The judge found that he had told the truth when entering the plea and was lying in an attempt to get out of it. "[T]he Court finds the only times that Jackson told the truth as to this matter are in his Stipulation of Facts [in the plea agreement] and during the Rule 11 hearing." Jackson should count himself lucky that he has not been prosecuted for perjury, 18 U.S.C. §1621, or making inconsistent declarations under oath, 18 U.S.C. §1623(c). There would be fewer self-serving and self-contradictory efforts to avoid one's commitments if prosecutors held defendants to their statements when pleading guilty.

AFFIRMED