**UNITED STATES of America**

v.

**Savill L. RUSH.**

**Criminal Action No. 2:08cr241–MHT.**

United States District Court,
M.D. Alabama,
Northern Division.

July 14, 2009.

Verne H. Speirs, W. Brent Woodall, U.S. Attorney's Office, Montgomery, AL, for United States of America.

---

Joseph L. Fitzpatrick, Jr., J. Fitzpatrick & Associates, LLC., Montgomery, AL, for Savill L. Rush.

## *OPINION AND ORDER*

MYRON H. THOMPSON, District Judge.

Defendant Savill L. Rush is charged in a two-count indictment with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

Currently before the court is Rush's motion to dismiss the gun charge, Count 2, pursuant to the Supreme Court's new interpretation of the Second Amendment, set forth in *District of Columbia v. Heller*, —— U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). Rush also challenges Count 2 under the Commerce Clause, asserting that 18 U.S.C. § 924(c)(1) is an unconstitutional exercise of Congress's authority to regulate interstate commerce. For the reasons discussed below, Rush's motion will be denied.

Rush's short motion provides very little factual background about him or about the gun offense with which he is charged. As a result, the court can only (and rather briefly) list the facts relevant to Rush's motion that are apparent from the record. Rush has no criminal record. He is not otherwise prohibited from possessing a firearm. The government alleges that, on May 30, 2008, Rush possessed a bag of marijuana while sitting in a parked car. A gun was also found under the driver's seat of the car.

The Supreme Court in *Heller* discussed what it called "the inherent right of self-defense." 128 S.Ct. at 2817. According to the Court, the Second Amendment provides a link between that purported right and an individual's desire to possess guns.

Whatever one might think about a social policy that encourages possession of firearms, the assertion that firearms are (or should be) crucial to individual protection, or the unsupported empirical belief that individual gun ownership can ever make a society safer, this court is now bound to consider the implications of *Heller*'s holding.

The court has no trouble concluding, however, that *Heller* is of no help to Rush. *See United States v. Jackson*, 555 F.3d 635 (7th Cir.2009) (holding that *Heller* does not render § 924(c) unconstitutional). Rush would have the court fashion a constitutional rule that allows those committing felony offenses to possess guns, weapons that would actually allow them to further those offenses. Even considering the importance given by the Supreme Court to the right to self-defense, this court cannot conclude that such a "right" allows a person to insert himself intentionally into dangerous and illegal activity and then have the law treat the contemporaneous possession of a firearm with the same kid gloves now perhaps required by the Second Amendment for some other firearm regulations. *Id.* at 636. More broadly speaking, the court believes that many types of intentional conduct can reduce a person's interest in self-protection by carrying a gun: for example, by walking into a federal courthouse or onto an airplane, a person has modified the balance between his apparent right to protect himself with a gun and the government's interest in regulating the possession of that gun. Drug trafficking does not warrant a different outcome.

■ Thus, even though *Heller* suggests that laws regulating the possession of firearms are to be subjected to some enhanced level of scrutiny, *see Heller*, 128 S.Ct. at 2818 n. 27, it is clear that Congress's balancing of interests in prohibiting firearm

possession during drug-trafficking and violent-felony offenses falls well short of offending the Second Amendment. Thus, the court agrees with the Seventh Circuit that *Heller* does not call § 924(c) into question. *See Jackson,* 555 F.3d at 636.

That Rush has no criminal record—and may legally possess a firearm under other circumstances—does not alter the court's conclusion. Indeed, while the court need not reach whether *Heller*'s required increased scrutiny of laws infringing on the right of self-defense in one's home undermines broadly tailored laws such as those prohibiting all felons (including nonviolent ones) from forever possessing a firearm, nothing in *Heller*'s reasoning suggests that laws to protect the public from the use of guns during potentially dangerous crimes are in constitutional jeopardy. After all, in those instances, it might be more likely that the firearm is intended affirmatively to threaten and injure others rather than as a passive method of self-protection. Under *Heller*'s more exacting microscope, then, it may indeed be easier as a practical matter to justify prohibitions focused on certain types of circumstances as opposed to prohibitions focused on certain classes of persons.

Also, while the court need not reach whether the Supreme Court's discussion of the paramount importance of the "inherent" right to self-defense could render questionable as a matter of equal protection the attempt to deny that right to some entire classes of people (such as all felons), nothing in the Court's discussion or elsewhere in the Constitution raises questions about laws prohibiting guns during the commission of conduct that is a direct threat to the safety of others. Therefore, § 924(c) does not implicate any of the concerns about equal treatment and human dignity that may accompany other attempts to suggest, through law, that personal protection is somehow less important for some members of society.

██ Rush acknowledges in his motion that Eleventh Circuit precedent forecloses his arguments made pursuant to the Commerce Clause. Indeed, the Eleventh Circuit has apparently not deemed the argument substantial enough to merit any kind of significant discussion or analysis. *See, e.g., United States v. Ferreira,* 275 F.3d 1020, 1028 (11th Cir.2001); *United States v. DePace,* 120 F.3d 233, 235 n. 2 (11th Cir.1997). Accordingly, Rush's argument cannot prevail here. (Rush indicates that he raises the issue in order to preserve an appeal to the United States Supreme Court.)

\* \* \*

For the reasons stated above, it is ORDERED that defendant Savill L. Rush's motion to dismiss Count 2 (doc. no. 37) is denied.