# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2788

———————

United States of America,

        Appellee,

v.

Twajuana Davis,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: October 6, 2009
Filed: October 9, 2009

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Twajuana Davis appeals the 120-month mandatory minimum prison sentence the district court[1] imposed after she pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possessing with the intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Her counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Davis's sentence is

———————

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

unreasonable and violates the Second and Eighth Amendments. In a pro se supplemental brief, Davis argues that mandatory minimum sentencing is unconstitutional under United States v. Booker, 543 U.S. 220 (2005).

We conclude Davis's sentence is not unreasonable. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or defendant qualifies for safety-valve relief). Moreover, we find no merit to (1) the Eighth Amendment argument, see United States v. Garcia, 521 F.3d 898, 901 (8th Cir. 2008) ("We have repeatedly held mandatory minimum penalties for drug offenses do not violate the Eighth Amendment's prohibition of cruel and unusual punishments."); United States v. Yirkovsky, 259 F.3d 704, 707 (8th Cir. 2001) (mandatory minimum sentences in firearms statutes do not violate Eighth Amendment); (2) the Second Amendment argument, see United States v. Jackson, 555 F.3d 635, 636 (7th Cir. 2009) (defendant convicted under § 924(c) did not have Second Amendment right to possess guns for his own protection while committing felony), petition for cert. filed, (U.S. June 5, 2009) (No. 08-10852); or (3) the Booker argument, see United States v. Castro-Higuero, 473 F.3d 880, 888 (8th Cir. 2007) (rejecting argument that Booker made mandatory minimum sentences unconstitutional).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw on condition that counsel inform Davis about the procedures for filing petitions for rehearing and for certiorari.

_____