NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 27, 2009
Decided March 1, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1420

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 CR 812 |
| CHARLES SPAULDING, | |
| *Defendant-Appellant.* | John F. Grady, |
| | *Judge.* |

**O R D E R**

Following a bench trial, Charles Spaulding was convicted of carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A).  On appeal,

Spaulding challenges the sufficiency of the evidence and the constitutionality of § 924(c)'s "in relation to" prong as applied to him in light of the Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). Because the evidence is sufficient to prove Spaulding carried the firearm "in relation to" a drug trafficking charge and Spaulding's Second Amendment rights were not violated, we affirm his conviction.

## I.  BACKGROUND

During an investigation of a drug conspiracy, federal agents recorded multiple conversations between defendant Charles Spaulding and several other people. On September 2, 2005, agents listened to a conversation in which Spaulding asked a cocaine buyer to get him ammunition for a .22 caliber handgun. The next day, Spaulding told his brother he would take a taxi to the brother's house and bring him cocaine, a handgun and ammunition. Officers stopped the taxi and searched Spaulding. In Spaulding's left pocket, officers found a loaded and operable .22 caliber handgun. In his right pocket, they found a box of ammunition and 72.6 grams of cocaine.

Spaulding was charged with multiple counts of possession and intent to distribute cocaine. He was also charged with one count of carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Spaulding pleaded guilty to one count of conspiracy to distribute cocaine and one count of possession of 72.6 grams of cocaine with intent to distribute. Spaulding moved to dismiss the firearm count, asserting that 18 U.S.C. § 924(c)(1)(A) violated his Second Amendment right to keep and bear arms in light of the Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). The district court denied his motion to dismiss and Spaulding proceeded to a bench trial on the § 924(c) charge. The government presented its evidence and Spaulding presented the additional evidence of a telephone conversation in which a co-defendant told Spaulding that two individuals had confronted Spaulding's brother. The district court found Spaulding guilty and then denied a motion for a new trial. Spaulding timely appealed.

## II.  ANALYSIS

### A.      Section 924(c)'s "In Relation To" Requirement

We have said that a defendant posing a sufficiency of the evidence challenge "faces a nearly insurmountable hurdle." *United States v. Morris*, 576 F.3d 661, 665-66 (7th Cir. 2009) (citations omitted). To succeed, Spaulding must show that no rational factfinder, based on the

evidence presented at trial, could find the defendant guilty beyond a reasonable doubt. *Id.* at 666. We review sufficiency of the evidence challenges in the light most favorable to the government. *Id.*

Section 924(c) of Title 18 of the U.S. Code makes it a crime to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime." Here, Spaulding does not dispute that he was carrying a firearm, and he pleaded guilty to a drug trafficking crime. He argues however, that the evidence was insufficient to prove he was carrying the firearm "in relation to" his drug trafficking crime.

In *United States v. Smith*, the Supreme Court interpreted § 924(c)'s "in relation to" phrase as "expansive." 508 U.S. 223, 237 (1993). At a minimum, "the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Id.* at 238. Put another way, the gun must "facilitate, or have the *potential of facilitating*," the trafficking offense. *Id.* (emphasis added). This court has repeatedly held that carrying a gun while committing a drug trafficking offense provides enough evidence of the "potential to facilitate" to sustain a § 924(c) conviction. *See United States v. Molina*, 102 F.3d 928, 932 (7th Cir. 1996) ("In establishing whether a gun . . . was carried in relation to a drug trafficking crime, if the drugs and gun are together in the same place it is nearly an inescapable conclusion that they satisfy the in relation to prong of § 924(c)(1)."); *see also United States v. Franklin*, 547 F.3d 726, 732 (7th Cir. 2008) ("Franklin had both the drugs and the gun in the car at the same time. That proximity is sufficient to establish a violation of § 924(c)(1).").

Spaulding contends there was insufficient evidence to prove that he carried the gun "in relation to" a drug delivery. Spaulding argues that his is an instance where the gun's presence was merely a coincidence – he made a drug delivery, and while doing so, he happened to have a gun. Spaulding tells us he was just being helpful, delivering the gun because his *brother* needed to protect himself (for reasons not connected to drugs), and that he had no fears or need for protection from his brother. But, in *United States v. Stott*, this court upheld a § 924(c) conviction under similar circumstances. 245 F.3d 890, 906-07 (7th Cir. 2001). In *Stott*, a drug customer brought a gun to his drug supplier because the supplier needed a gun for personal protection. As is the case here, the person holding the gun, the drug customer, claimed he was not the person who needed protection. There, we held that the fact finder could conclude that the gun was to be delivered for (1) the supplier's personal protection, and (2) any potential protection needed for the drug supplier's drugs. *Id.* at 907. The same is true here. The fact that his brother may have needed protection creates a possibility that Spaulding was

concerned about the safety of his drug delivery or the safety of the drugs post-delivery. The assertions he makes – his brother needed the protection; this was merely a delivery of two items at the same time – equally support the prosecution's view of the case. The gun was present to protect Spaulding and the drugs during his delivery of the cocaine. Contrary to Spaulding's argument, the facts of this case do not extend our precedent any further than the facts of *Stott*.

Furthermore, there is a frequently noted, well-known connection between guns and drugs: "weapons are tools of the trade of drug dealers." *United States v. Cooper*, 19 F.3d 1154, 1163 (7th Cir. 1994) (citation omitted). This is because guns are frequently used to intimidate associates or provide security during drug deals. *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000). Spaulding carried a loaded and operable .22 caliber handgun in his left pocket, and the drugs and a box of ammunition in his right pocket. Viewing these facts in the light most favorable to the government, a fact finder could rationally conclude that the loaded gun in one pocket was meant to protect the drugs in the other pocket in case something happened while the drugs were in transit.

As a final matter, we reject Spaulding's reliance on *Abuelhawa v. United States*, 129 S. Ct. 2102 (2009). *Abuelhawa* interpreted the statutory meaning of "facilitate" in 21 U.S.C. § 843(b) and held that a person cannot be convicted of facilitating the felony of drug distribution just by using a phone to make a drug purchase, but must rather "aid, abet or assist" the crime. *Id.* at 2108. This holding has no bearing on the statutory interpretation of "in relation to" in 18 U.S.C. § 924, nor does it offer any insight on what the Supreme Court meant in *Smith* when it stated that a gun must have the potential of "facilitating" a drug crime. 508 U.S. at 238. Furthermore, even if it did have some bearing on our analysis of the "in relation to" prong of § 924(c), the government would only need to show that the gun had the potential to aid, assist or abet the drug trafficking. *See Abuelhawa*, 129 S. Ct. at 2106 (2009); *Smith*, 508 U.S. at 238. Here, the government has met its burden. The evidence was sufficient to show that the gun had the potential to assist Spaulding in the successful transfer of his drugs by protecting him during transit. So, even if *Abuelhawa* has any impact on this case, the government had sufficient evidence to sustain the § 924(c) conviction.

## B.    No Second Amendment Violation

Spaulding also pursues a Second Amendment challenge to his 18 U.S.C § 924(c)(1)(A) conviction in light of the Supreme Court's recent decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). In *Heller*, the Supreme Court held that the Second Amendment protects an

individual right to possess a firearm and to use that firearm for traditionally lawful purposes. *Heller*, 128 S. Ct. at 2797-98. Spaulding does not challenge the constitutionality of § 924 itself, but instead argues that the"in relation to" prong, as applied to the facts of his case, is unconstitutional. Appellant's Brief at 32. He argues that to withstand constitutional scrutiny, the government must prove actual facilitation to establish the "in relation to" element of § 924(c), and that a mere potential to facilitate is insufficient. Spaulding's arguments are foreclosed by *Smith*, 508 U.S. at 223, as well as *United States v. Jackson*, 555 F.3d 635 (7th Cir. 2009).

As stated above in rejecting Spaulding's sufficiency of the evidence claim, the Supreme Court in *Smith* defined § 924(c)'s "in relation to" element expansively, stating it is satisfied if a firearm facilitated, or had the potential of facilitating, the drug trafficking offense. *Smith*, 508 U.S. at 238. This expansive reading of 18 U.S.C. § 924(c) remains binding precedent, and nothing in *Heller* established otherwise. Spaulding's argument that the government did not satisfy its burden by proving his firearm had the potential of facilitating his drug trafficking is not persuasive.

Spaulding next argues that *United States v. Skoien*, 587 F.3d 803 (7th Cir. 2009), *vacated, reh'g granted* on February 22, 2010, compels remand to determine whether § 924(c)'s "in relation to" prong can withstand constitutional scrutiny. In *Skoien*, the court considered the level of scrutiny necessary to uphold laws that regulate conduct falling within the scope of the Second Amendment. Here, *Skoien* is inapplicable because carrying a gun during and in relation to a drug trafficking crime does not implicate any protected conduct. In *Jackson*, we rejected a defendant's Second Amendment challenge to the same statute at issue here, holding that "[t]he Constitution does not give anyone the right to be armed while committing a felony." 555 F.3d at 636. The defendant's choice to engage in an illegal business is an important factor: as *Jackson* pointed out, Congress can forbid people who possess guns to deal drugs just as it can forbid people who deal drugs to possess guns. We concluded that "there is no constitutional problem with separating guns from drugs." *Id.* *Jackson*'s conclusion that § 9249(c) does not implicate conduct protected under the Second Amendment is dispositive in the government's favor.

## III. CONCLUSION

Because the government provided sufficient evidence to prove the "in relation to" prong of 18 U.S.C. § 924(c), and because Spaulding does not have a Second Amendment right to carry a firearm during and in relation to his drug trafficking, we **AFFIRM** the decision of the district court.