**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

RICHARD CHARLES MORSETTE,
            *Defendant-Appellant.*

No. 09-30373

D.C. No.
4:09-cr-00038-
SEH-1

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
July 13, 2010—Seattle, Washington

Filed September 20, 2010

Before: Stephen Reinhardt, Susan P. Graber, and
Richard A. Paez, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Jeffry M. Foster, Smith, Walsh, Clarke & Gregoire, PLLP, Great Falls, Montana, for the defendant-appellant.

Kurt G. Alme, Assistant United States Attorney, Billings, Montana, and Rebekah J. French, Assistant United States Attorney, Great Falls, Montana, for the plaintiff-appellee.

## OPINION

PER CURIAM:

A jury convicted Defendant Richard Charles Morsette of assault for attacking two people in his home, which is located on Rocky Boy's Indian Reservation in Montana. At trial, Defendant claimed that he acted in self-defense. The district court gave a standard jury instruction on self-defense but declined to give Defendant's additional requested instruction: "In the home, the need for self-defense and property defense is most acute." The sole question on appeal is whether the Supreme Court's recent decisions in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), required the court to give the requested additional instruction.[1] We answer that question "no."

---

[1] Defendant did not request, and the district court did not give, an instruction containing the general principle that a person has no duty to retreat within the person's own home. *See*, *e.g.*, 2 Wayne R. LaFave, *Substantive Criminal Law* § 10.4(f) (2d ed. 2003) (stating principle); *Beard v. United States*, 158 U.S. 550, 563-64 (1895); *United States v. Peterson*, 483 F.2d 1222, 1236 (D.C. Cir. 1973). Nor does Defendant argue on appeal that the court should have given such an instruction. Accordingly, the potential application of that principle to the present facts is not before us.

One night in late 2008, Dana Ontiveros and Stephen Hobbs visited Defendant's home. Both men are related to Defendant by marriage and all three had known each other for many years. All three had been drinking earlier in the evening. Defendant met Ontiveros and Hobbs at the front door and invited them in. The three sat in the living room, drinking whiskey and talking. Soon Defendant and Ontiveros began to argue heatedly. Defendant left the living room, went back to his bedroom, and returned with a telescopic retractable baton, which he used to strike each of his visitors on the head. Defendant's wife telephoned the police. At trial, the parties disputed the factual circumstances leading to the attacks; Defendant claimed that the other two threatened him repeatedly, but they testified that they were making their way out of the house when Defendant retrieved the baton and that he attacked them before they could reach the exit.

Defendant submitted two proposed jury instructions that are relevant to this appeal. He drew the first from the Ninth Circuit's model criminal jury instruction on self-defense:

> The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

> Force likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

> The Government must prove beyond a reasonable doubt that the Defendant did not act in reasonable self-defense.

9th Cir. Model Crim. Jury Instr. 6.7. The court gave that instruction.

Defendant sought a second instruction that read: "In the home, the need for self-defense and property defense is most acute." As support for the request he cited *Heller* and, on appeal, supplements that citation by pointing to the post-trial publication of *McDonald*. In explaining its decision not to give the second proposed instruction, the district court declared that it was "an unnecessary add-on" and that the standard instructions adequately covered the issue that Defendant sought to emphasize in his defense.

Although Defendant was charged with assaulting both victims with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), the jury found him guilty only of the lesser included offense of simple assault as to each victim. The court sentenced Defendant to two consecutive six-month sentences, one for the assault on Ontiveros and the other for the assault on Hobbs. Defendant then brought this timely appeal.

As noted, the only issue that Defendant raises is whether recent Supreme Court precedent required the district court to give his requested instruction. "We review whether a trial court's instructions adequately covered a defendant's proffered defense de novo, and review a district court's formulation of jury instructions for an abuse of discretion." *United States v. Chastain*, 84 F.3d 321, 323 (9th Cir. 1996) (citations omitted).

**[1]** We agree with the trial court that the model jury instruction given already covered Defendant's theory of self-defense in his home. The instruction required the jury to assess the reasonableness of the use of force "under the circumstances." The circumstances here included the fact that the incident took place in Defendant's home, and he was free to argue—and in fact did argue—that he had a right to defend his home and a right to defend himself in his own home.

**[2]** Nothing in the Supreme Court's recent Second Amendment jurisprudence changes the analysis. *Heller* and *McDonald* concern the right to possess a firearm in one's home for self-defense. But neither case purports to change, or even to comment on, the law as to the definition of self-defense in a criminal case. Indeed, neither case concerned the use of a weapon, as distinct from mere possession, so the Court had no occasion even to consider the issue now before us. The model jury instruction remains a correct and, in this case, sufficient statement of the law governing self-defense.

**AFFIRMED**.