**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RONALD CRAIG POTTER,
*Defendant-Appellant.*

No. 09-30266

D.C. No.
3:07-cr-05683-
RBL-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted January 10, 2011*
Seattle, Washington

Filed January 26, 2011

Before: Susan P. Graber and Milan D. Smith, Jr.,
Circuit Judges, and Roger T. Benitez,** District Judge.

Per Curiam Opinion

---

*The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

**The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

**COUNSEL**

John R. Muenster, Muenster & Koenig, Seattle, Washington, for the defendant-appellant.

Michael S. Morgan, Assistant United States Attorney, Seattle, Washington, for the plaintiff-appellee.

**OPINION**

PER CURIAM:

Defendant Ronald Craig Potter challenges his conviction for possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). He argues that the statute is unconstitutional on its face or as applied, because it violates the Second Amendment. Reviewing de novo, *United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir.), *cert. denied*, 131 S. Ct. 294 (2010), we affirm.[1]

**[1]** In *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), the Supreme Court held that the right to bear arms is a personal right, rather than a collective or State right, and that the District of Columbia's complete ban on firearms in the home violated the Second Amendment. Defendant argues that, because he has a personal right to bear arms in his home, § 924(c)(1)(A) is unconstitutional. We disagree.

**[2]** Both implicitly and explicitly, the Court made clear that its holding concerned the *lawful* possession and use of a firearm. Although the courts undoubtedly will continue to develop the full scope of the rights conferred by the Second Amendment, it cannot seriously be contended that the Second Amendment guarantees a right to use a firearm *in furtherance*

---

[1] In an unpublished disposition filed concurrently with this opinion, we reject Defendant's other arguments.

*of drug trafficking.* In *Heller*, the Court emphasized that "the right secured by the Second Amendment is not unlimited" and that

> nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Id.* at 626-27.

**[3]** Not surprisingly, the plurality opinion in the Court's later Second Amendment case described the "central holding in *Heller*" as "the Second Amendment protects a personal right to keep and bear arms for *lawful purposes*." *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3044 (2010) (plurality) (emphasis added). Clearly, the furtherance of drug trafficking is not a lawful purpose. We join the Seventh Circuit in holding that § 924(c) is constitutional under the Second Amendment. *United States v. Jackson*, 555 F.3d 635, 636 (7th Cir.), *cert. denied*, 130 S. Ct. 147 (2009); *see also Vongxay*, 594 F.3d at 1118 (holding that 18 U.S.C. § 922(g)(1), which criminalizes the possession of firearms by certain felons, is constitutional).

**[4]** For the same reasons, the district court properly rejected Defendant's proposed "Second Amendment defense" instruction. Defendant asked that the jury be instructed that it must find, in addition to finding that the firearm was possessed in connection with drug trafficking, that the firearm also was *not* possessed for the defense of Defendant, his family, and his property. Even if he kept the firearm *also* to protect himself and his home, he committed a crime because he possessed the firearm in furtherance of drug trafficking. The final jury instructions were correct. *See also United States v.*

*Morsette*, 622 F.3d 1200, 1200-01 (9th Cir. 2010) (per curiam) (holding that *Heller* and *McDonald* did not require alteration of a jury instruction concerning self-defense in a criminal trial).

**AFFIRMED.**