10-5168-cr(L)
United States v. Lucas, Richardson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
          SUSAN L. CARNEY,
                    *Circuit Judges,*
          ROSLYNN R. MAUSKOPF,
                    *District Judge.*\*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

          -v.-                          10-5168-cr(L),
                                        11-356-cr(CON)

JON LUCAS, LAMAR RICHARDSON,

                    *Defendants-Appellants.*

_____

\* The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT
Jon Lucas:          ROBERT G. SMITH, Assistant Federal Public
                    Defender (Jay S. Ovsiovitch, Assistant
                    Federal Public Defender, *on the brief*),
                    Western District of New York, Rochester,
                    NY.


FOR APPELLANT
Lamar Richardson:   MAURICE J. VERRILLO, Law Office of
                    Maurice J. Verrillo, P.C., Rochester, NY.


FOR APPELLEE:       JOSEPH J. KARASZEWSKI, Assistant United
                    States Attorney (Alexander J. Anzalone,
                    Student Law Clerk, *on the brief*), *for*
                    William J. Hochul, Jr., United States
                    Attorney for the Western District of New
                    York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED**.

Defendants-Appellants Jon Lucas and Lamar Richardson ("Defendants") appeal from respective judgments of conviction, following a jury trial in the United States District Court for the Western District of New York (Siragusa, *J.*). Defendants were convicted of drug-trafficking related offenses, and Richardson was convicted of an additional firearm offense. We assume the parties' familiarity with the underlying facts and procedural history of the case.

2

Defendants first challenge the district court's denial of their pretrial suppression motions on the basis that the police lacked probable cause to believe that they were engaged in a drug-trafficking crime. When examining a ruling on a motion to suppress, "we review a district court's findings of historical fact for clear error, but analyze *de novo* the ultimate determination of such legal issues as probable cause." *United States v. Gagnon*, 373 F.3d 230, 235 (2d Cir. 2004). "Probable cause exists if a law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *Id.* at 236. Information from an informant may be sufficiently reliable to support a probable cause finding if the informant "has a track record of providing reliable information, or if it is corroborated in material respects by independent evidence." *United States v. Wagner*, 989 F.2d 69, 72-73 (2d Cir. 1993).

Having conducted an independent review of the record in light of these principles, we conclude that the police had probable cause as a matter of law to believe that Defendants

were engaged in drug-trafficking and possessed a firearm in furtherance thereof for substantially the same reasons stated by the district court in its Decision and Order.

Defendants also contend that the police officers' warrantless entry into the apartment was not justified by exigent circumstances. We will not reverse a district court's determination as to whether exigent circumstances existed unless it is clearly erroneous. *United States v. MacDonald*, 916 F.2d 766, 769 (2d Cir. 1990) (*en banc*). The exigent circumstances inquiry "is an objective one that turns on . . . the totality of circumstances confronting law enforcement agents in the particular case." *Id.* "The core question is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced officer to believe that there was an urgent need to render aid or take action." *United States v. Klump*, 536 F.3d 113, 117-18 (2d Cir. 2008) (citations and internal quotation marks omitted).

We agree with the district court that the objective circumstances at the time of the officers' entry would cause a reasonable officer to believe that there was an urgent need to take action inside the apartment. Indeed, when the

4

apartment door opened the second time, the shotgun that had been aimed at Officer Klein moments earlier was no longer in view.  Moreover, despite Officer Klein's order that Defendants come out of the apartment, they remained inside. We find no difficulty in concluding that an urgent need to enter the apartment existed because the officers did not know if there were other individuals in the apartment who might be armed and pose a threat to their safety.  *See United States v. Zabare*, 871 F.2d 282, 289 (2d Cir. 1989).

Contrary to Lucas's assertion, Officer Klein did not create the exigency by not identifying himself as a police officer when he conducted the "knock and talk."  Officer Klein did not threaten to engage in conduct that violates the Fourth Amendment because he made no threat to enter the apartment when he conducted the "knock and talk."  *See Kentucky v. King*, 131 S. Ct. 1849, 1858 & n.4 (2011). Richardson's argument that Officer Klein violated the "knock and announce" rule is not only waived–he did not raise it until his reply brief, *see Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)—but also wholly without merit.  We have considered Defendants' remaining arguments related to this issue and find them, likewise, to be without merit.

5

Accordingly, the district court did not err in concluding that exigent circumstances justified the officers' warrantless entry. Thus we find no error with the district court's ultimate decision to deny Defendants' suppression motions.

Richardson also contends that the district court erred in failing to instruct the jury that it must acquit him of the charge of possessing a firearm in furtherance of drug-trafficking if the government failed to disprove beyond a reasonable doubt that he possessed the firearm for self-defense. We review the propriety of jury instructions *de novo*. *United States v. Naiman*, 211 F.3d 40, 50 (2d Cir. 2000). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Walsh*, 194 F.3d 37, 52 (2d Cir. 1999) (internal quotation marks omitted).

The district court properly refused to give the requested jury instruction because the instruction would have misled the jury as to the correct legal standard under 18 U.S.C. § 924(c)(1)(A).[1] We agree with several of our

[1] Richardson was charged with violating 18 U.S.C. § 924(c)(1)(A)(ii), which provides in relevant part:

6

sister circuits and conclude that self-defense is irrelevant to a Section 924(c) violation. *See, e.g.*, *United States v. Sloley*, 19 F.3d 149, 153 (4th Cir. 1994); *United States v. Johnson*, 977 F.2d 1360, 1378 (10th Cir. 1992); *United States v. Poindexter*, 942 F.2d 354, 360 (6th Cir. 1991). Indeed, even if Richardson kept the shotgun for protection, he still could be convicted under § 924(c)(1)(A) if he possessed it in furtherance of drug-trafficking. *See United States v. Potter*, 630 F.3d 1260, 1261 (9th Cir. 2011). Accordingly, the district court properly rejected Richardson's request for a self-defense instruction.

Finally, Richardson contends that there was insufficient evidence to support his conviction. We review sufficiency challenges *de novo*. *United States v. Andino*, 627 F.3d 41, 49 (2d Cir. 2010). "It is well-established that a defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Rojas*, 617 F.3d

---

[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years[.]

669, 674 (2d Cir. 2010) (internal quotation marks omitted). We must view the evidence in the light most favorable to the government and "uphold the jury's verdict as long as *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

Richardson cannot meet this heavy burden. There was more than ample proof from which the jury could conclude that he participated in a conspiracy to distribute cocaine and to maintain a premises for the purpose thereof. "In assessing the sufficiency of the evidence in the context of a conspiracy conviction, deference to the jury's findings is especially important because a conspiracy by its very nature is a secretive operation." *Rojas*, 617 F.3d at 674 (internal quotation marks and ellipses omitted). Jeffrey LaFond's testimony alone established that Richardson was present in the apartment when Lucas sold crack to LaFond, and that Richardson aimed a shotgun at LaFond during the transaction. A rational trier of fact could have drawn the inference that Richardson knew of the scheme to sell cocaine from the apartment and knowingly joined in the scheme. That testimony, likewise, was sufficient to support Richardson's

8

conviction for maintaining a premises for the purpose of distributing cocaine.

Finally, Richardson's challenge to his firearm conviction is meritless because he attacks the sufficiency of the conviction solely on the basis that the government failed to prove the underlying drug-trafficking convictions. In any event, LaFond's testimony that Richardson aimed a shotgun at LaFond during a drug transaction was sufficient to support the conviction. After a thorough review of the evidence presented at trial, we conclude that Richardson's sufficiency challenge fails.

We have considered Defendants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk