**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30370 |
| Plaintiff - Appellee, | D.C. No. 9:10-cr-00022-DWM-1 |
| v. | |
| DAVID MICHAEL PALUMBO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted February 7, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and BEISTLINE, Chief
District Judge.**

David Palumbo ("Palumbo") appeals the sentence imposed following his

guilty plea to possession of a firearm in furtherance of a drug trafficking crime, in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Ralph R. Beistline, Chief United States District Judge
for the District of Alaska, sitting by designation.

violation of 18 U.S.C. § 924(c)(1).  Palumbo discharged the gun when his drug co-conspirators threatened him with a weapon in order to take the drugs Palumbo thought they were transporting together for sale.

The district court did not err by issuing an order in limine preventing Palumbo from arguing that he possessed the gun in self-defense.  *See United States v. Stewart*, 779 F.2d 538, 540 (9th Cir. 1985), overruled on other grounds by *Bailey v. United States*, 516 U.S. 137, 149 (1995).  Palumbo contends that at the time that he discharged the gun, he was no longer possessing the gun in furtherance of a drug offense.  The sentencing enhancement for discharge, 18 U.S.C. § 924(c)(1)(A)(iii), does not require the discharge to be in furtherance of the drug offense.  It requires only that the defendant possessed the gun in furtherance of a drug offense, and that the gun discharged during the possession.  *See Dean v. United States*, 129 S.Ct. 1849, 1854–56 (2009).  The attempted robbery, moreover, did not end the relational nexus between his gun possession and the underlying drug trafficking offense.  The district court found that Palumbo possessed the gun to protect himself and his drugs, and in fact so used the gun when he resisted the robbery attempt and fled with the drugs.  This finding was not clearly erroneous.

Palumbo's contention that his punishment for discharging the gun violated his Second Amendment rights therefore must be rejected.  There is no

2

constitutional right to possess a gun for unlawful purposes. *See United States v. Potter*, 630 F.3d 1260, 1261 (9th Cir. 2011).

Palumbo's contention that the firearm discharge should have been treated as an element of the crime, rather than a sentencing factor, is foreclosed by the Supreme Court's decision in *Harris v. United States*, 536 U.S. 545 (2002), as he now concedes.

**AFFIRMED**.