UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>JOSEPH CAROZZA,<br><br>    Defendant - Appellant. | No. 13-10172<br><br>D.C. No. 3:10-cr-00642-CRB-6<br>Northern District of California,<br>San Francisco<br><br>**ORDER** |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>DANIEL JOHNSON,<br><br>    Defendant - Appellant. | No. 13-10179<br><br>D.C. No. 3:10-cr-00642-CRB-2<br>Northern District of California,<br>San Francisco |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>CHRISTOPHER NAPOLI,<br><br>    Defendant - Appellant. | No. 13-10198<br><br>D.C. No. 3:10-cr-00642-CRB-1<br>Northern District of California,<br>San Francisco |

Before:  BYBEE, CALLAHAN, and OWENS, Circuit Judges.

The memorandum disposition filed on April 14, 2015, is hereby amended and replaced by the amended memorandum disposition filed concurrently with this order.  With these amendments, the panel has voted to deny the petition for panel rehearing and to deny the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on the petition.  Fed. R. App. P. 35.

The petition for panel rehearing and petition for rehearing en banc are **DENIED.**  No further petitions for rehearing or rehearing en banc shall be permitted.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10172 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00642-CRB-6 |
| v. | AMENDED MEMORANDUM[*] |
| JOSEPH CAROZZA, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10179 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00642-CRB-2 |
| v. | |
| DANIEL JOHNSON, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10198 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00642-CRB-1 |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

CHRISTOPHER NAPOLI,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted March 10, 2015
San Francisco, California

Before: BYBEE, CALLAHAN, and OWENS, Circuit Judges.

Defendants-Appellants Chris Napoli, Daniel Johnson, and Joseph Carozza ("Defendants") appeal their convictions for conspiracy to distribute and possess with intent to distribute Schedule III and IV controlled substances in violation of 21 U.S.C. § 846, and possession with intent to distribute a Schedule IV controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(2), arising out of the operation of an internet pharmacy. Napoli and Johnson also appeal their convictions for conspiracy to launder money in violation of 18 U.S.C. § 1956(a)(2)(A), (h). Defendants argue that the district court abused its discretion by excluding certain evidence at trial: the testimony of a DEA Administrator, a Congressional Research Service Report, and portions of a civil complaint filed by Defendants Napoli and Carozza seeking declaratory relief. Defendants also contend that the district court

2

erred in its formulation of jury instructions. Defendants further assert that the district court should have dismissed the indictment because DEA witnesses testified inaccurately before the grand jury. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not abuse its discretion by excluding Defendants' proffered evidence at trial. Both the Fifth Amendment right to due process and the Sixth Amendment right to compulsory process "guarantee[] criminal defendants a meaningful opportunity to present a complete defense." *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010) (internal quotation marks omitted). The admissibility of proffered evidence is reviewed under an abuse of discretion standard. *United States v. Orm Hieng*, 679 F.3d 1131, 1141 (9th Cir. 2012). "'We may affirm the district court's evidentiary ruling on any grounds supported by the record.'" *Id.* (quoting *United States v. Ibarra-Pino*, 657 F.3d 1000, 1005 (9th Cir. 2011)). Even "where the district court did not explicitly exclude the evidence under Rule 403, the appellate court may affirm the district court based on Rule 403." *United States v. Blaylock*, 20 F.3d 1458, 1464 (9th Cir. 1994).

The district court could have concluded that the probative value of the excluded evidence was "substantially outweighed by a danger of . . . unfair

3

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendants assert that the proffered evidence had a tendency to demonstrate the reasonableness of their subjective belief that their conduct complied with the statute. However, the precise issue for the jury's consideration was not Defendants' belief about the *law*, but rather Defendants' good faith belief that a physician was issuing prescriptions in the usual course of professional practice and for a legitimate medical purpose. *See United States v. Feingold*, 454 F.3d 1001, 1007–08 (9th Cir. 2006). Thus, the evidence had limited probative value. Furthermore, the district court could have concluded that government officials' statements about the law and Defendants' self-serving statements in the civil complaint would obfuscate the issues for the jury. Given these circumstances, we cannot say that the exclusion of evidence was an abuse of discretion.

Defendants' reliance on *United States v. James*, 169 F.3d 1210 (9th Cir. 1999) (en banc), is misplaced. *James* did not hold that all corroborating documentary evidence must be admitted in every case. Nor did James displace the general rule that the district court may exclude evidence under Federal Rule of Evidence 403.

But even if the district court erred by excluding this evidence, any error was

harmless beyond a reasonable doubt. *See United States v. Pineda-Doval*, 614 F.3d 1019, 1033–34 (9th Cir. 2010). First, upon review of the proffered testimony by the DEA Administrator and the Congressional Research Service Report, this evidence appears largely unfavorable to Defendants. Moreover, there was overwhelming evidence at trial disproving Defendants' good faith belief that their physicians acted with a legitimate medical purpose and within the usual bounds of medical practice. Defendant Carozza approved hundreds of prescriptions daily. Carozza continued to prescribe medications in this manner even after being interviewed by the DEA. Furthermore, the online questionnaire had no mechanism to confirm the accuracy of the information being provided; did not ask for any medical records; did not provide for follow-up contact; did not permit customer consultation with a doctor; and did not require customers to submit a valid form of identification. Each Defendant, aware of the preceding facts, stood to gain hundreds of thousands of dollars. Thus, there was overwhelming evidence that Defendants lacked a good faith belief that their physicians' conduct was for a legitimate medical purpose or was within the scope of professional standards.

2. The district court did not err in its formulation of the jury instructions. Whether jury instructions omit or misstate elements of a statutory crime or adequately cover a defendant's proffered defense are questions of law reviewed de

5

novo. *See United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010); *United States v. Morsette*, 622 F.3d 1200, 1201 (9th Cir. 2010) (per curiam). A district court's formulation of jury instructions is reviewed for an abuse of discretion. *See Hofus*, 598 F.3d at 1174. "The adequacy of jury instructions is determined by examining them as a whole." *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987) (citing *United States v. Hayes*, 794 F.2d 1348, 1351 (9th Cir. 1986)). "It is not error to refuse a proposed instruction if the other instructions, when viewed in their entirety, cover that theory." *Id.* "[S]o long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." *United States v. Melvin*, 91 F.3d 1218, 1224 (9th Cir. 1996) (internal quotation marks omitted).

The district court did not err by instructing the jury that the government was not required to prove that Defendants knew they were violating the law. None of the underlying crimes charged required that Defendants know that they were violating the law. *See* 21 U.S.C. §§ 841(a)(1), (b)(2), 846; 18 U.S.C.

§ 1956(a)(2)(A), (h).[2]  A conspiracy charge does not require that the defendant know that she is violating the law unless the underlying crime so requires.  *United States v. Baker*, 63 F.3d 1478, 1493 (9th Cir. 1995); *see also United States v. Hubbard*, 96 F.3d 1223, 1229 (9th Cir. 1996) ("[A] federal conspiracy conviction does not require a greater level of criminal intent than a conviction on the substantive count.").  Nor is an aider and abettor required to have specific knowledge that her assistance is illegal.  *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004); *cf. United States v. McDaniel*, 545 F.2d 642, 644 (9th Cir. 1976).

The district court did not err by instructing the jury that Defendants' belief that they were in compliance with the law or that the government lacked the authority to enforce the law in a particular way was not, standing alone, a defense. Defendants' beliefs about the law as written were irrelevant, as the precise issue for the jury's consideration was whether Defendants believed that their physicians

---

[2]Unlike other sections of the federal money laundering statute, § 1956(a)(2)(A) does not require the defendant know that the property involved constitutes the proceeds of unlawful activity.  *Compare* 18 U.S.C. § 1956(a)(2)(A), *with id.* § 1957(a); *see also United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir. 1997) (holding that under a different statute, 18 U.S.C. § 1957, the government was required to prove the defendant knew the laundered funds were derived from illegal activity), *abrogated on other grounds by Henderson v. United States*, — U.S. —, 133 S. Ct. 1121 (2013).

7

were issuing prescriptions in the usual course of professional practice and for a legitimate medical purpose. *See Feingold*, 454 F.3d at 1007–08. Likewise, Defendants' purported belief that the DEA lacked authority to enforce the law in a particular way would be irrelevant and not a defense to the crimes charged. *See Cheek v. United States*, 498 U.S. 192, 204–06 (1991) (district court properly instructed jury to disregard the defendant's assertion that tax laws were unconstitutional).

The district court's jury instructions did not permit the jury to convict Defendants based on a physician's mere malpractice. The district court was acutely aware of this risk, and added the express instruction: "It is not enough for the United States to prove that a practitioner committed malpractice, intentional or otherwise."

The district court did not err by refusing to instruct the jury regarding in-person examinations, the Ryan Haight Act, or the distinction between lay people, and professional physicians and pharmacists. Rather, the district court properly instructed the jury to consider all of the evidence in determining whether Defendants acted in good faith. *See Hofus*, 598 F.3d at 1174.

The district court also had a sufficient basis to instruct the jury that it could find Defendants acted knowingly if the jury found that Defendants were

8

deliberately ignorant. *See United States v. Heredia*, 483 F.3d 913, 918 (9th Cir. 2007) (en banc).

3.      Finally, any misstatements by the DEA agents before the grand jury were rendered harmless by the petit jury's guilty verdict. "[A] petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were convicted." *United States v. Mechanik*, 475 U.S. 66, 67 (1986); *see also United States v. Bingham*, 653 F.3d 983, 998–99 (9th Cir. 2011). Defendants contend that under *Bank of Nova Scotia v. United States*, we may reverse their convictions if we find "[a] violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." 487 U.S. 250, 256 (1988) (internal quotation marks omitted). But where, as here, a district court denies a defendant's motion (whether before or after trial) to dismiss the indictment, and the defendant is subsequently convicted beyond a reasonable doubt, the *Bank of Nova Scotia* standard does not apply on appeal; rather, "*Mechanik* controls and the conviction establishes that the error was harmless." *United States v. Navarro*, 608 F.3d 529, 540 (9th Cir. 2010). Thus, any errors in the grand jury proceedings were harmless.

**AFFIRMED.**

9