**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10056 |
| Plaintiff-Appellee, | D.C. No. 5:13-cr-00619-EJD-1 |
| v. | |
| HECTOR DAVID LOPEZ-BANUELOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted July 6, 2016
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges, and GARBIS,[**] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Marvin J. Garbis, Senior United States District Judge
for the District of Maryland, sitting by designation.

Hector David Lopez-Banuelos, while on probation, was subjected to a legal search at his home, where drugs, drug paraphernalia, a loaded firearm, and ammunition were found. At trial, a jury found him guilty on four counts of drug and firearm violations. Lopez-Banuelos appeals his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez-Banuelos asserts that his Sixth Amendment rights were violated when the district court refused to compel the government to grant use immunity to his wife during the suppression hearing. A violation of the Sixth Amendment right to make a defense is reviewed de novo. *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Whether a district court erred by refusing to compel the government to grant immunity to a defense witness is a mixed question of law and fact reviewed de novo, and the underlying factual findings are reviewed for clear error. *United States v. Wilkes*, 662 F.3d 524, 532 (9th Cir. 2011).

The executive branch has the sole authority and discretion to grant immunity to a prospective defense witness. *United States v. Straub*, 538 F.3d 1147, 1156 (9th Cir. 2008). In *Straub*, we clarified the test for determining when due process requires that the district court compel use immunity:

> [T]he defendant must show that: (1) the defense
> witness's testimony was relevant; and (2) either (a) the
> prosecution intentionally caused the defense witness to

2

> invoke the Fifth Amendment right against self-incrimination with the purpose of distorting the fact-finding process; or (b) the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness, with the effect of so distorting the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial.

*Id.* at 1162.

Lopez-Banuelos has not provided a proffer of the testimony he wished to have immunized and, therefore, has not shown that the testimony was relevant. Even assuming that the testimony would have been relevant and supportive of the defense on the suppression issue, Lopez-Banuelos has not shown a violation of his Constitutional rights. There has been no showing that the government intentionally caused the witness to invoke the Fifth Amendment or selectively denied immunity. Nor has there been a showing of any extraordinary circumstances raising fairness concerns regarding the prosecution's exercise of discretion.

Lopez-Banuelos contends that the district court erred in its statement of the case provided at the commencement of voir dire. Since trial counsel did not raise these objections to the district court's statement, we review the matter for plain

error. *See United States v. Mitchell*, 502 F.3d 931, 955 (9th Cir. 2007). However, we find no error. The district court did not inform the potential jurors of any prejudicial information, *cf. Scott v. Lawrence*, 36 F.3d 871, 874 (9th Cir. 1994), and properly instructed the selected jury that it must ultimately decide all questions of fact, *see United States v. Sanchez-Lopez*, 879 F.2d 541, 553 (9th Cir. 1989).

Finally, Lopez-Banuelos contends that the jury instructions were inadequate to enable him to present his theory of defense. "We review whether a trial court's instructions adequately covered a defendant's proffered defense de novo, and review a district court's formulation of jury instructions for an abuse of discretion." *United States v. Morsette*, 622 F.3d 1200, 1201 (9th Cir. 2010) (per curiam) (quoting *United States v. Chastain*, 84 F.3d 321, 323 (9th Cir. 1996)). The instruction given was consistent with binding precedent on possession of a firearm in furtherance of a drug trafficking offense and adequately covered the elements of the offense. Perhaps the instruction could have been improved by providing further definition of "in furtherance," using wording from the defense instruction. However, "[t]he trial court has substantial latitude so long as its instructions fairly and adequately cover the issues presented." *United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir. 2000) (citation omitted). Lopez-Banuelos "is not entitled to an instruction with wording of his own choosing." *United States v. Hofus*, 598 F.3d

4

1171, 1174 (9th Cir. 2010) (citation omitted). The trial court instruction did not interfere with the ability of Lopez- Banuelos to present his theory of the case, and there was ample evidence for the jury to convict.

**AFFIRMED.**